## Cortez P. Hooker v. Livingston Axford and another.

*Wills; Husband and wife: Attorney: Confidential relations: Fraud.* A wife being desirous of devising her property so that her husband should have the benefit of it but his creditors should not deprive him of her bounty, and having consulted an attorney in the matter, and at his suggestion having devised the property in absolute terms to the attorney and another, on an oral understanding that they should hold the same for her husband's use, the facts being undisputed and the attorney admitting the whole case and signifying his readiness to perform on his part, the trust was enforced in equity against the other devisee.

*Evidence: Equity jurisprudence: Fraud.* The circumstance that the husband was the medium of his wife's communications with the attorney, and that the only positive and distinct evidence of her intent to bestow the property on her husband consists of his statements at the time and of his testimony in the cause, is not an insuperable obstacle to the granting of relief, where many surrounding circumstances and facts that are undisputed corroborate, and none are in conflict with it.

HOOKER *v.* AXFORD.

*Attorney and client: Abuse of confidence: Fraud.* An attorney thus advising the devise of property to himself on the pretense that he would only make use of it for another, but intending nevertheless to appropriate it to his own use, would be guilty of a gross fraud and breach of confidence; and it would be equally a fraud if, having given the advice honestly, he should afterwards conclude dishonestly to keep the property.

*Fraud: Attorney: Associate.* And the party who, under such attorney's advice, was associated with him as trustee, would be in like position, and it would be a fraud in him to appropriate that which only by the attorney's advice, given for another person's benefit, is brought within his reach.

*Lands purchased by one and conveyed to another: Trusts.* One who has voluntarily purchased lands and caused the title to be vested in another who retains them, is precluded by the statute (*Comp. L.*, §§ *4120-1*), in the absence of fraud or mistake, from all relief, either at law or in equity.

*Heard January 6 and 7.     Decided April 11.*

Appeal in Chancery from Macomb Circuit.

*E. W. Meddaugh* and *Giles Hubbard,* for complainant.

*A. C. Baldwin,* and *G. V. N. Lothrop,* for defendant Axford.

COOLEY, CH. J:

The case of the complainant is, that in the month of August, 1861, his wife Margaret, who was the owner of a lage amount of real estate, being desirous of devising the same to him, but having in mind certain pecuniary transactions which might cause him serious difficulty, sent him to consult the defendant Crocker as to the proper method of securing her property to complainant without the risk of its being seized by others, and that under Crocker's advice the property was all devised to the defendants on an oral understanding that they should hold the same for complainant's use. The wife died in the following month, the will was duly probated, and the title to the property has ever since remained in the defendants, but with constant recognition of the understanding which has been mentioned, until very recently, when defendant Axford, who was nephew to Mrs. Hooker, set up a claim to half the property as his own. Meanwhile complainant has constantly occupied the property

as owner, made improvements, and paid off incumbrances, and he has also purchased other lands the title to which he has caused to be conveyed to defendants on the understanding that they also were to be held for him. And the bill is filed to compel them to convey to him as well the lands devised by the wife as those subsequently purchased.

The defendant Crocker admits the whole case made by the bill, and is ready to tender a conveyance. This relieves the case from any difficulty so far as he is concerned. Mr. Crocker appears to have acted in entire good faith, and no question is made of his readiness at all times to acknowledge complainant's rights.

The defendant Axford expresses entire ignorance regarding the intent and purpose of Mrs. Hooker in devising the lands as she did, and puts the complainant to his proof; and it is upon this part of the case that the difficulties arise. Axford holds the legal title to one-half the land by a devise explicit in its terms, and which on its face fails to indicate that any third person was to be the object of the testator's bounty. No charge of fraud is made against Axford, and the evidence all tends to show that he was entirely passive at the time the will was executed, and had nothing whatever to do in procuring it. What the complainant seeks to do, therefore, is to control the devise by parol evidence, and to give the testator's bounty a direction wholly different from that given by the will itself.

If there were clear and distinct evidence, other than that of the complainant himself, that his wife intended to make him the object of her bounty, I should think the case relieved of one great difficulty. But there is no such evidence. The complainant was the medium of her communications with Crocker, and it is from his statements at the time, and from his testimony now, that we are to gather what her wishes and intentions were. I cannot avoid thinking that this is a very dangerous species of evidence to act upon when the question is whether we shall upon the strength of it change the apparent intent of a devise in favor of the party giving the evidence.

There are certain facts, however, that are undisputed, and which my brethren think are conclusive in complainant's favor. One of these is, that Crocker advised the will to be made as it was for the benefit of complainant. Now it is possible that without such advice the testator might have made the same disposition of her property, and she may have contemplated it before Crocker's advice was obtained. But it would certainly have been remarkable if the advice given for complainant's benefit should in the naming of trustees have coincided exactly with those she intended to provide for. Another fact is, that the will gave the property to two persons who do not seem to have been anticipating gifts for their own benefit, and left the husband, who would naturally be the object of the wife's bounty, substantially without a home. And this fact must go a great way to support the complainant's evidence; for he was the active agent in procuring the will, and it is incredible that he should have acted as he did, if he supposed it was to be devised away from him. Another important fact is, that for years after the testator's death Axford left complainant in the undisturbed possession and enjoyment of the property, precisely as he should have done if complainant's account is correct, but as he would not have been likely to do if he had supposed he was to have a beneficial interest in the devise. These facts are so conclusive as to Axford's understanding of the testator's intention, that I am not disposed to dissent from the conclusion of my brethren, that as to the devise Axford stands in no better position than Crocker.

The will, then, must be regarded as made as it was because Crocker, who was an attorney at law, advised that it should be. If he had given the advice intending to appropriate the property, this would have been a gross fraud, and a gross breach of confidence. It would be equally a fraud if, having given the advice honestly, he should afterwards conclude dishonestly to retain the lands. And this being his position, the party who, under his advice, is associated with him, is in the like position. It would be a fraud in Axford to appropriate that which only by the

advice of Crocker, given for another person's benefit, is brought within his reach. The fraud on Mrs. Hooker's estate would be exactly the same, whether one or the other of the nominal beneficiaries repudiates the trust.—*Lutterel v. Lord Waltham, 11 Ves., 638; Huguenin v. Baseley, 14 Ves., 273.*

As regards the lands which since Mrs. Hooker's death the complainant has procured to be conveyed to defendants, the case is different. The act of vesting in the defendants the title to these lands was that of complainant exclusively, counselled or procured, so far as the case shows, by no other person. The statute, *Comp. L. 1871,* §§ *4120, 4121,* is very positive and explicit that in such a case no trust whatever shall result in favor of the party procuring the conveyance, but the title shall vest in the grantee named therein, subject only to the rights of creditors. No circumstance of fraud or mistake attended these conveyances which can give jurisdiction for equitable relief. On complainant's own showing, by his own folly he has put his property in the hands of others under circumstances which the statute declares shall preclude him from any remedy. If the parties see fit to recognize in him any equitable rights, they may do so, but whether they will, is a question which addresses itself solely to their own sense of right and of honor.

The decree of the court below must be so modified as to except from its provisions giving relief as against Axford, all the lands that have been conveyed to the defendants since Mrs. Hooker's decease. In other respects it will be affirmed. The defendant Axford will be entitled to costs on this appeal.

The other Justices concurred.