[No. 6,058.]

# ESTATE OF BROOKS.

PRACTICE — RESERVING RULING — IRREGULARITY — IMMATERIAL ERROR. — All questions relating to the sufficiency of the pleadings should be passed upon when presented, and before proceeding further with the trial. Accordingly, where the Court below, upon the application of the contestant of a will — made at the close of the testimony — to amend his petition, reserved its ruling, but stated that, in case the will was set aside, it would allow the amendment, and otherwise not: *Held*, that this was an irregularity; but *held also*, as evidence had been admitted as to all the facts alleged in the amended petition, that the contestant was not injured, and that the ruling was not ground for reversal.

EVIDENCE — HEARSAY — RULING. — Upon the trial of the contest of a will, a witness testified to some remarks made a few days before the execution of the will, by the proponent, (who was also the principal beneficiary) as to the condition of the testator; and the Court said, "That is not evidence. Declarations of the proponent before the date of the will * * * are not evidence in this case"; to which the contestant excepted, but neither side moved to strike out the evidence. *Held*, 1st, that this did not amount to a ruling to exclude the testimony; and 2ndly, that the evidence was objectionable as *hearsay*.

ID. — EXPERT. — Upon an issue as to the mental condition of a testator, the opinions of persons acquainted with his business and social habits, *held* to be admissible in evidence.

WILL — UNDUE INFLUENCE — CONFIDENTIAL RELATIONS. — The principal beneficiary under a will was the partner of the testator, at the time of the testator's death and for many years previous. *Held*, that this did not *per se* raise a presumption of undue influence.

ID. — ID. — TRUST. — The testator, soon after the execution of the will, told the proponent that he would some day tell him what he wished to have him do with some of his property; and before his death, directed him to pay certain persons and charitable institutions certain sums. *Held*, that — while, in a proper case, the Courts would compel a devisee to carry out such directions — the fact of such directions having been given and assented to, was not evidence that the execution of the will was procured by undue influence.

APPEAL from an order refusing to revoke the probate of a will, in the Probate Court of the City and County of San Francisco. MYRICK, J.

The facts are stated in the opinion.

*A. H. Townsend*, for Appellant.

The Court erred in its order relative to the proposed amendment; also, in excluding the declarations of Reid, relative to the testator's condition. Reid was interested, and a party de-

fendant. (Code Civ. Proc. § 1312.) The declarations of a party to the record can never be rejected on the ground of *hearsay*. (1 Greenl. on Ev. 98, 100, 171.) The Court erred in receiving the opinions of witnesses at large on the question of the soundness of the testator's mind. (1 Greenl. on Ev. 440; 7 Gill, 10; 2 Greenl. on Ev. 691; *Hathorn* v. *King*, 8 Mass. 371; *Dickenson* v. *Barber*, 9 Id. 225.)

Undue influence will be presumed, where the relation between parties is such as to give opportunity for its exercise, and the will the same as if it had been exercised. (*Huguenen* v. *Basely*, 3 White and Tudor's L. C. in Equity, 1193, 1184, 1206, 1229, Civ. Code, §§ 2230, 2235, 2410.) The undoubted rule is, that transactions of this kind are not to be countenanced between partners. (Lindley on Part. 412, 625; 3 Redf. on Wills, 89; *Howard* v. *Slagle*, 52 Ill. 336; Story's Eq. § 323; *Garvin's Adm'r* v. *Williams*, 44 Mo. 465.)

*Daniel Rogers*, for Respondent.

Department No. 2, SHARPSTEIN, J.:

This is an appeal from the judgment and order of the Probate Court of the City and County of San Francisco, refusing to set aside the will of the decedent after it had been admitted to probate. The case comes here upon the judgment roll, including a bill of exceptions. There was a section or paragraph in the petition of the contestant, which read as follows: "That deceased was not free from fraud at the time of the execution of said instrument. For that it was the will and desire of the deceased that his estate should be distributed, after his decease, differently than as named in said instrument, and that in executing said instrument he made and declared as a part thereof, certain verbal bequests or legacies in favor of petitioner and divers other persons, (and conferring benefits not conferred by said instrument) and charging the same on said Reid as executor; but at said Reid's request, omitted to note them on said instrument, because of the promises of said Reid to pay them, which promises were made without any intention of performing them on the part of said Reid." This was demurred to on the

grounds, as stated in the demurrer, that it did not "state facts sufficient to constitute a cause of action, *apportion*, or contest."

We confess our inability to discover the appositeness of all of these alleged grounds of demurrer. The demurrer was sustained by the Court on the ground "that the matter" contained in said paragraph "did not constitute a reason for revoking the will." There was no error in that ruling, as we will endeavor to show in another part of this opinion.

The bill of exceptions contains an amended petition of the contestant, which the proponent objected to, on the "ground that it was immaterial, and because the allegations of one of the paragraphs were substantially the same as those contained in the paragraph of the petition to which the court had sustained a demurrer." To this objection it is stated that "the court reserved its decision: stating that in case the will was set aside and declared null and void, it would allow said amended petition; but in case it was sustained, it would disallow said amended petition. The Court finally disallowed said amended petition, to which ruling the contestant duly excepted."

It strikes us that this constituted an "irregularity in the proceedings of the Court," but we are unable to perceive that the appellant was thereby "prevented from having a fair trial." The practice of reserving a decision upon a question of this character until the evidence is in, is not, in our opinion, commendable. All questions relating to the sufficiency of the pleadings should be passed upon when presented, and before proceeding further in a trial. The orderly conduct of a trial requires this. But as we understand it, the Court treated this amended petition as properly filed and before it until all the testimony had been taken, and then rejected it because it was not sustained by the evidence. If this be so, the appellant had the full benefit of his amended petition. And that he did, the testimony taken on the trial and copied into the transcript abundantly proves. He was permitted to introduce without limitation, so far as we can discover, evidence in support of each and every allegation of his amended petition.

A witness testified to some remarks made by the proponent

as to the condition of the testator only a few days before the execution of the will, without objection. After the witness had testified to all that proponent had said upon that subject, the Court said: " That is not evidence. Declarations of Reid (proponent) before the date of the will, unless they are a part of the *res gestæ* to show undue influence, are not evidence in this case, whether they come in directly or indirectly." Whereupon one of the counsel for contestant said: " We except to that." And there the matter ended. Neither side moved to have the evidence stricken out, and it comes here with the other evidence in the transcript, and for anything that appears to the contrary may have been considered by the Court with the other evidence in deciding the case. It was objectionable on the ground of being hearsay evidence; but whether it was excluded or not is more than we can determine from the bill of exceptions before us. A large number of persons, who were more or less intimate with the deceased for many years before his death, testified to their knowledge of his business and social habits, and expressed their opinions as to his mental condition. We think their evidence upon these points was properly admitted.

The testator, and proponent, who is the principal devisee and legatee of the will, were partners for many years prior and up to the time of the decease of the former, and it is claimed on behalf of contestant that that *per se* raises a presumption of undue influence. We know of no case in which it has been so held. It is doubtless a circumstance to be considered with other facts and circumstances, when determining the question whether or not undue influence was brought to bear upon the testator. We think the suspicion of undue influence having been exerted would be much stronger in a case where a testator should give all his property to a stranger, than in one where he gives it all to one with whom he was intimately connected socially and in business for a great many years immediately preceding his death.

There was no error in sustaining an objection to the introduction of the will for the purpose of showing that it was not declared by the testator to be his last will. The will would not show whether he did or did not so declare.

The point, however, upon which the contestant evidently relies most is, that soon after the execution of the will, the testator told proponent—to whom the testator had, as before stated, given nearly all of his property—that he, the testator, would some day tell him, proponent, what he wished to have him do with some of his property; and that the testator, just before he died, did give proponent directions to pay to certain persons and charitable institutions certain sums, and to pay to the contestant herein seventy-five dollars per month during his life, which directions were written down by proponent, and the memorandum of them was produced and read in evidence by him on the hearing of this matter.   That is a question which has often been before the Courts, and while they have held that in a proper case they would compel a devisee to carry out such directions, we are unable to find any case in which it was held that the fact of such directions being given and assented to was evidence that the execution of the will was procured by fraud or undue influence.   If the directions on the one side, and the express or implied agreement on the other to carry them out, created a secret trust which can be enforced, the beneficiaries are as favorably situated as they would be if those same directions had been inserted in the will.   And the ground upon which such trusts are enforced is, that if the devisee had not assented to the request of the testator, he might have made another will by which his wishes would be carried out.   "The question is," says the Court, in *Barrow* v. *Grenough*, 3 Ves. 151, "whether the confidence that the defendant (the devisee) would perform the trust he undertook, did not prevent the testator from making a new will."   The proof is, that the directions as to a different disposition from that made by the will, of some portion of the property, were given some time after the execution of the will.   The agreement, therefore, to carry out said directions could not have influenced the testator in making the will which he did make, but might have prevented his making a new one.

The agreement, therefore, whether made in good or bad faith, cannot affect the validity of a will previously made.

We are satisfied that upon the facts before us the decision and judgment of the Probate Court ought not to be disturbed.

The findings of the Court are fully sustained, in our opinion, by a decided preponderance of evidence.

Judgment affirmed.

Morrison, C. J., Thornton, J., and Myrick, J., concurred.