[No. 11949.    Department Two. — June 4, 1889.]

FRANK CURDY, APPELLANT, *v.* GEORGE A. BERTON, EXECUTOR, ETC., OF FRANCIS BERTON, DECEASED, RESPONDENT.

TRUST — WILL — BEQUEST ON UNDISCLOSED PAROL TRUST — CONSTRUCTIVE TRUST IN FAVOR OF BENEFICIARY. — Where a testator by his will bequeaths property in trust to a legatee without specifying in the will the purposes of the trust, and at the time of the execution of the will, or subsequently, verbally communicates to the legatee the purposes of the trust, and the legatee, either expressly or impliedly, promises to perform the trust, or silently acquiesces therein, equity will raise a constructive trust in favor of the beneficiaries intended by the testator, and will charge the legatee as a constructive trustee for them.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*D. M. Delmas*, for Appellant.

The trust, not having been evidenced by a writing, was void as a testamentary disposition. (Civ. Code, sec. 1276.) The trust attempted to be created by parol failed, and the devisee took the property in trust for the heirs of the testator. (3 Redfield on Wills, 578; Lewin on Trusts, 66; 1 Perry on Trusts, secs. 90–93; *Olliffe* v. *Wells*, 130 Mass. 221; *Ingram* v. *Fraley*, 29 Ga. 553; *Johnson* v. *Clarkson*, 3 Rich. Eq. 305; *Sears* v. *Hardy*, 120 Mass. 542; *Skellinger's Ex'rs* v. *Skellinger*, 23 Alb. L. J. 18; *Ommanney* v. *Butcher*, 1 Turn. & R. 259; *Morice* v. *Bishop of Durham*, 10 Ves. 525; *Russell* v. *Jackson*, 10 Hare, 208; *Briggs* v. *Penny*, 8 El. & E. 231; *Finley* v. *Hunter*, 2 Strob. Eq. 208; 2 Redfield on Wills, 409, 410; Jarman on Wills, sec. 78.)

*Smith, Wright & Pomeroy*, and *D. William Douthitt*, for Respondent.

Where a testator by his will bequeaths property in trust to a legatee without specifying in the will the purposes of the trust, and at the time of the execution of the will, or subsequently, communicates to the legatee the purposes of the trust, either by parol declarations or unattested writings, and the legatee, either expressly or impliedly, promises to perform the trust, or silently acquiesces therein, a court of equity will raise a constructive trust in favor of the beneficiaries intended by the testator, and will charge the legatee as a constructive trustee for them. (*In re O'Hara*, 95 N. Y. 413; 47 Am. Rep. 53; *Williams* v. *Fitch*, 18 N. Y. 546; *Williams* v. *Vreeland*, 32 N. J. Eq. 135; *Cagney* v. *O'Brien*, 83 Ill. 72; *Padmore* v. *Gunning*, 7 Sim. 644; *In re Fleetwood*, L. R. 15 Ch. D. 594; *Riordan* v. *Banon*, 10 I. R. Eq. 649; *In re Boyes*, L. R. 26 Ch. D. 531; *De Laurencel* v. *De Boom*, 48 Cal. 581; *Estate of Shillaber*, 74 Cal. 144.) The construct-

ive trust with which the legatee is charged, being for purposes lawful in themselves, is raised in favor of the beneficiaries intended by the testatrix, and not in favor of her heirs or next of kin. (See *De Laurencel* v. *De Boom*, 48 Cal. 581; *Estate of Shillaber*, 74 Cal. 144; *Padmore* v. *Gunning*, 5 Sim. 485; 7 Sim. 644; *Riordan* v. *Banon*, 10 I. R. Eq. 469; *In re Fleetwood*, L. R. 15 Ch. D. 594; *Crook* v. *Brooking*, 2 Vern. 50, 106; *Smith* v. *Attersoll*, 1 Russ. 266; *Will of O'Hara*, 95 N. Y. 413; 47 Am. Rep. 53; *Cagney* v. *O'Brien*, 83 Ill. 72.)

McFARLAND, J.—Madeline Curdy died February 9, 1877, in Alameda County, California. She left a will duly executed, in which, after bequests to several persons, including the plaintiff herein, there occurs the following: "I give in trust to Francis Berton, now Swiss consul in San Francisco, all the moneys I possess in France, and principally my share of the Italian *rentes*, deposited in the banking-house of Messrs. Hentsch, Lutscher, & Co., of Paris, to be distributed according to the private instructions I give him." Berton was present when the will was made, and wrote it for the testatrix at her request; and at the time of the making of the will she verbally instructed him to distribute said property or its proceeds to certain relations and others in France, other than the plaintiff herein, and gave him an order for said property. The facts in proof show that he at least impliedly agreed to accept the trust. After her death, and before the commencement of this action, said Berton faithfully distributed said property in accordance with the said instructions of said testatrix. This action is brought by plaintiff, a brother of the deceased, and one of her heirs at law, to have it decreed that Berton held the legal title to said property in trust for the heirs of said deceased, for an accounting, and for the payment to him of his proportionate share of said property, with interest, profits, etc. Francis Berton died during the

pendency of the action, and his executor, George A. Berton, was substituted as defendant. The court gave judgment for defendant, and plaintiff appeals from the judgment, and from an order denying a new trial.

Upon the main point in the case the position of appellant is, in brief, that as the statute law of this state requires a will to be in writing, therefore, "where a testator devises property in trust to be applied to such uses as the testator has verbally specified to the devisee, the trust attempted to be created by parol fails, and the devisee takes the property in trust for the heirs of the testator." The contention of respondent is, in brief, that, independent of the statute of wills, where a testator bequeaths property in trust to a legatee, without specifying in the will the purposes of the trust, and at the same time communicates those purposes to the legatee orally, or by unattested writings, and the legatee, either expressly or by silent acquiescence, promises to perform the trust, and the trust itself is not unlawful, there a court of equity will raise a constructive trust in favor of the beneficiaries intended by the testator, and will charge the legatee as a constructive trustee for them, upon the ground that the legatee will not be countenanced in perpetrating a fraud, by encouraging the testator to make a bequest which would not otherwise have been made, and then refusing to execute his promise. We think that respondent's view of the law, as above stated, is correct. There are some cases which support the proposition of appellant, notably the case of *Olliffe* v. *Wells*, 130 Mass. 221; but the weight of authority and the better reason are the other way.

Obviously, the clear intention of the testatrix, as expressed in the written will, was that the property in question should not go to plaintiff. He, however, says in effect: "True, the property was not to come to me. It was given to Berton upon the understanding, between him and the testatrix, that it was to go to the benefit of

certain other persons; but as they cannot establish their rights as beneficiaries, according to the statute of wills, Berton must be held to be my trustee, against the intention of the testatrix. I stand upon what I claim to be the dry law." Evidently, in a doubtful case, no just impulse would move a court to lean towards a proposition involving such consequences; and as the question is an open one in this state, we are at liberty to follow those authorities, and that line of reasoning, which appear to us to be most in consonance with the true principles of equity and justice.

We find in the *Will of O'Hara*, 95 N. Y. 403, 47 Am. Rep. 53, a very full statement of the considerations which in our opinion ought to govern the decision of the case at bar. In that case, the testatrix by her will practically disinherited her relations in favor of strangers, giving the bulk of her estate to three legatees, who were her lawyer, her doctor, and her priest. The will was attacked by the heirs, on the ground of want of testamentary capacity and undue influence. As there was considerable evidence to support these charges, the legatees finally, to establish some reasonable explanation of a diversion of the estate to strangers having influence from confidential relations, showed that they were not to have any beneficial interest in the estate, but were to devote it entirely to certain charitable uses, according to instructions given them by the testatrix at the time the will was made.

It appeared, however, that these charitable uses were in direct violation of the statute law of the state. The heirs at law then began an action in equity to establish a trust, which, failing as to the intended beneficiaries on account of illegality, should result to them. The legatees then, although intending to carry out the wishes of the testatrix, stood upon their rights under the terms of the will, which upon its face gave them the property absolutely; denied that they had accepted any trust, or that

any could be proven by extrinsic matter lying outside the will; and insisted that the property was theirs absolutely. The question thus presented was, in substance, the one presented here. The only difference is, that in the O'Hara case the instructions were in writing, while in the case at bar they were oral. But neither in the argument of counsel nor in the opinion of the court was there any distinction made between written and oral instructions or promises. The principles announced applied equally to both. There was no claim that the letter of instructions came within the rule that an extraneous paper may be incorporated into a validly executed will by a direct reference to it in the will itself. There was no reference whatever in the will to the letter. The court in the O'Hara case, after stating that "the proof is uncontradicted that the testatrix made the residuary devise and bequest in its absolute and unconditional form in reliance upon a promise of the legatees to apply the fund faithfully and honorably to the charitable uses dictated in the letter of instructions," proceeds to discuss the question whether or not one of the legatees, McCue, expressly promised to accept the trust. After reviewing the evidence (which was somewhat contradictory) on that point, the court says: "Where, in such case, the legatee, even by silent acquiescence, encourages the testatrix to make a bequest to him, to be applied by him to the benefit of others, it has all the force and effect of an express promise. (*Wallgrave* v. *Tebbs*, 2 Kay & J. 321; *Schultz's Appeal*, 80 Pa. St. 405.) If he does not mean to act in accord with the declared expectation which underlies and induces the devise, he is bound to say so, for his silent acquiescence is otherwise a fraud. (*Russell* v. *Jackson*, 10 Hare, 204.)" The court then proceeds to state the principles which should determine the main question under discussion, as follows: " If, therefore, in her letter of instruction, the testatrix had named some certain and definite beneficiary capable of taking the provision in-

tended, the law would fasten upon the legatee a trust
for such beneficiary, and enforce it, if needed, on the
ground of fraud. Equity acts, in such case, not because
of a trust declared by the testator, but because of the
fraud of the legatee. For him not to carry out the
promise by which alone he procured the devise and be-
quest is to perpetrate a fraud upon the devisor, which
equity will not endure. The authorities on this point
are numerous. [Here follows a long list of cases.] The
circumstances in these cases were varied and sometimes
peculiar, but all of them either recognize or enforce
the general doctrine. It has been twice applied in our
own state. (*Brown* v. *Lynch*, 1 Paige, 147; *Williams* v.
*Fitch*, 18 N. Y. 546.) In the last of these cases the
making of a bequest to the plaintiff was prevented by an
agreement of the father, who was next of kin, to hold in
trust for the plaintiff; and the English cases were cited
with approval, and the trust enforced. All along the line
of discussion it was steadily claimed that a plain and
unambiguous devise in a will could not be modified or
cut down by extrinsic matter lying in parol, or unattested
papers, and that the statute of frauds and that of wills
excluded the evidence; and all along the line it was
steadily answered that the devise was untouched; that it
was not at all modified; that the property passed under
it, but the law dealt with the holder for his fraud, and
out of the facts raised a trust *ex maleficio*, instead of rest-
ing upon one as created by the testator. The character
of the fraud which justifies the equitable interference is
well described in *Glass* v. *Hulbert*, 102 Mass. 40; 3 Am.
Rep. 418. It was said to consist 'in the attempt to take
advantage of that which has been done in performance
or upon the faith of the agreement, while repudiating
its obligation under cover of the statute.'" The other
parts of the opinion discuss the question whether, as the
charitable uses could not be enforced, because forbidden
by the statute, the legatees could be held as trustees for

the heirs, but that question does not arise in the case at bar.

We have thus referred at length to the O'Hara case because it contains a lucid statement of the principles which apply to the case at bar, and for the additional reason that in the opinion of the court and the briefs of counsel nearly all the authorities bearing upon the question are cited. We also refer especially to the case of *Williams* v. *Vreeland,* 32 N. J. Eq. 135, which declares the doctrine above stated; and in the notes to which are collated extracts from about forty different cases, all of which are confirmatory of said doctrine. (See also *Hooker* v. *Axford,* 33 Mich. 453; *In re Fleetwood,* L. R. 15 Ch. D. 594; *In re Boyes,* L. R. 26 Ch. D. 531; and *Riordan* v. *Banon,* 10 Ir. Eq. 469.) The cases cited will show that it is immaterial whether the instructions given by a testator are oral or in writing. Indeed, in the opinion of the court in the O'Hara case (above quoted), where the phrase "lying in parol, or unattested papers," is employed, the word "parol" is evidently used in its usual meaning, as synonymous with "verbal" or "oral," and not in its broader meaning of "not under seal." The California cases of *De Laurencel* v. *De Boom,* 48 Cal. 581, *Estate of Shillaber,* 74 Cal. 144, and *Estate of Brooks,* 54 Cal. 475,— while in harmony with the principles above stated,— are not directly to the point involved in the case at bar. Our conclusion is, that the court below correctly decided that Francis Berton, deceased, properly distributed the property in France, in accordance with the instructions given him by the testatrix when the will was made, and which instructions he at that time agreed to carry out. Of course, the case must be distinguished from one where a testator, intending to give certain property directly to a certain person, for that person's sole benefit, fails to designate in the will either the property or the person. In such a case no question of trust could arise. These views make it

unnecessary to determine the other two points made by respondent: 1. That the order for the property in France, given by the testatrix to Berton at the time the will was made, constituted a transfer of the property *in præsenti;* and 2. That the action was barred by the statute of limitations.

The judgment and order are affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.