[S. F. Nos. 6072 and 6073.   Department One.—August 6, 1912.]

In the Matter of the Estate of JEANETTE L. EVERTS, Deceased. YOUNG MEN'S CHRISTIAN ASSOCIATION OF SANTA CRUZ et al., Contestants and Appellants, v. MINNIE SARAH CHAPMAN, Respondent.

NEW TRIAL—ORDER GRANTING—INSUFFICIENCY OF EVIDENCE.—The granting of a new trial for want of evidence to support the verdict is usually a matter almost entirely within the discretion of the trial court. Such order will not be reversed unless an abuse of discretion appears.

ID.—CONTEST OF WILL—UNSOUNDNESS OF MIND.—Where on a contest of the probate of a will, the jury found that the testatrix was of unsound mind at the time of its execution, and there was no substantial evidence to that effect, the trial court properly granted a new trial of that issue.

ID.—NEW TRIAL GRANTED AS TO ONE ISSUE—DENIAL AS TO OTHERS.—It is within the power of the trial court, where there is more than one issue of fact in a case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others.

ID.—EFFECT OF GRANTING NEW TRIAL AS TO ONE ISSUE.—When such a new trial is granted, it opens for examination only the issue upon which it is ordered, and the determination of the other issues remain in the record and cannot be retried. The only remedy of the moving party as to those issues is to appeal from the part of the order denying the motion for a new trial as to them.

ID.—ABSENCE OF UNDUE INFLUENCE OR FRAUD—EVIDENCE.—On a contest of a will, the verdict of the jury finding that the will was not executed as the result of undue influence or fraud is held to be sustained by a great preponderance of the evidence.

ID.—PROMISE OF BENEFICIARY TO CARRY OUT DESIRES OF TESTATRIX—FAILURE OF DONEE TO FULFILL PROMISE—TRUST FOR INTENDED BENEFICIARIES.—A will executed upon the faith of a promise honestly made by a beneficiary to carry out the desires of the testatrix as to certain gifts to charities and relatives cannot be said to be procured by fraud or undue influence. If, after the death of the testatrix, the donee fails or refuses to perform the promise, the will stands unaffected, but the donee and the property may be charged with a trust in favor of the intended beneficiaries.

ID.—CONTEST OF WILL—UNDUE INFLUENCE AND UNSOUNDNESS OF MIND AS GROUNDS OF CONTEST—INSTRUCTIONS.—Where a will is contested

CLXIII Cal.—29

on the grounds of undue influence and unsoundness of mind of the testatrix, and the jury finds that there was no undue influence but that the testatrix was of unsound mind, an instruction, given immediately following instructions concerning unsoundness of mind, and in introducing the subject of undue influence, to the effect that such matters were distinct grounds for denying probate of a will, and that a person might be the victim of undue influence, whether at the time sound or unsound in mind, and if the jury found that the testatrix was of unsound mind at the time of the execution of the will, then it was entirely immaterial whether or not undue influence was exercised over her, because unsoundness of mind itself would incapacitate her to execute the will, cannot be construed as an intimation or direction to the jury that they need not consider the evidence relating to undue influence, in the event that they found unsoundness of mind was established; nor can it be presumed that such instruction prevented the jury from considering the evidence as to undue influence, where other instructions fully covered that subject, and in effect directed the jury to consider such evidence and to decide the issue accordingly.

ID.—CONTEST BY BENEFICIARIES UNDER PRIOR WILLS—WILLS AS EVIDENCE—INSTRUCTION AS TO EFFECT OF EVIDENCE.—On such a contest, instituted by the beneficiaries under prior wills of the testatrix which were offered in evidence, it was not error to refuse an instruction to the effect that such wills were admitted for the purpose of tending to raise a probability of undue influence, and that they were limited to that purpose. Such instruction was improper, being an instruction as to the effect of evidence.

ID.—INSTRUCTION LIMITING EFFECT OF PRIOR WILLS AS EVIDENCE.—It was proper to instruct the jury that such former wills were allowed in evidence for the purpose of showing the state of mind and feeling of the testatrix toward the beneficiaries therein named, and not, specifically, to show that she made the will in controversy while of unsound mind, or through undue influence or fraud.

ID.—ARGUMENTATIVE INSTRUCTION—UNDUE INFLUENCE—EFFECT OF AGE AND DISEASE.—Where the jury were properly instructed upon the subject of undue influence, and that they might, in that connection, take into consideration the age and mental and physical condition of the testatrix, it was proper to refuse, as argumentative, a further instruction to the effect that "the amount of undue influence which will be sufficient to invalidate a will must, of course, vary with the strength or weakness of mind and will of the testator, and the influence which would subdue or control a mind naturally weak, or which had become impaired by age, weakness, disease, or any other cause, might have no effect to overcome or mislead a mind naturally strong and unimpaired by any of the causes stated.

ID.—EVIDENCE—NURSE'S CHART OF PHYSICAL CONDITION OF TESTATRIX—LOSS OF CHART—INSTRUCTION AS TO SUPPRESSION OF TESTIMONY.—

A chart kept by nurses in attendance on the testatrix at the time
of the execution of her will, on which was entered a memorandum
of her pulse and symptoms, was not legal evidence of the facts stated
therein, and the fact that it had been lost, in the absence of evidence
that it was willfully destroyed or suppressed, did not furnish a basis
for an instruction that evidence willfully suppressed is presumed to
be adverse to the party suppressing it.

APPEALS from an order of the Superior Court of Santa
Cruz County granting a new trial as to one of the issues
raised in the contest of a will, and from an order refusing
a new trial as to other issues. George H. Buck, Judge pre-
siding.

The facts are stated in the opinion of the court.

Chas. M. Cassin, and Benj. K. Knight, for Appellants.

Stratton, Kaufman & Torchiana, for Respondent.

SHAW, J.—Jeanette L. Everts died in Santa Cruz County
on January 16, 1911. On January 19, 1911, a petition for
the probate of a writing, dated January 13, 1911, purporting
to be her will was filed. A will previously executed had
given certain legacies to the contestants above mentioned.
They appeared and filed a contest of the will of January 13th.
The grounds of contest were: 1. That the decedent was of
unsound mind when said paper was executed; 2. That it was
procured by undue influence; and 3. That it was procured by
fraud. The issues were tried by a jury which found that the
decedent was of unsound mind as alleged, but that the will
was not procured by fraud or undue influence. Thereupon
the proponents and contestants moved, separately, for a new
trial of the issues decided against them respectively, the pro-
ponents asking a new trial of the issue as to insanity, the
contestants for a new trial of the issues as to undue influence
and fraud. The court granted the motion of the proponents
and ordered a new trial of the issue as to insanity and, deny-
ing the motion of contestants, refused a new trial of the
questions of undue influence and fraud. The contestants
appeal separately from each order, the appeal from the order
relating to the issue of insanity being case No. 6073, and

that from the order upon the issues of undue influence and fraud being case No. 6072.

The granting of a new trial for want of evidence to support the verdict is usually a matter almost entirely within the discretion of the trial court. Such order will not be reversed unless an abuse of discretion appears. (*Estate of Motz,* 136 Cal. 560, [69 Pac. 294]; *Bjorman* v. *Fort B. R. Co.,* 92 Cal. 501, [28 Pac. 591].) The record contains no substantial evidence that the testatrix was of unsound mind or otherwise incompetent to make a will at the time of the execution of the will in question. The court very properly ordered a new trial of that issue.

It is within the power of the trial court, where there is more than one issue of fact in a case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others. (*San Diego L. & T. Co.* v. *Neal,* 78 Cal. 64, [3 L. R. A. 83, 20 Pac. 372]; *Duff* v. *Duff,* 101 Cal. 4, [35 Pac. 437]; *Mountain etc. Co.* v. *Bryan,* 111 Cal. 38, [43 Pac. 410].) These cases declare also that when such new trial is granted, it opens for examination only the issue upon which it is ordered, that the determination of the other issues remain in the record and that they cannot be retried. The only remedy of the moving party as to those issues is to appeal from the part of the order denying the motion for a new trial as to them. This the appellants have done in this case. If we affirm that part of the order denying the new trial as to fraud and undue influence, the findings on those issues will stand unaffected and the new trial to follow in the lower court must be confined to the question of the unsoundness of mind of the decedent.

The decedent left but one heir at law,—namely, the proponent, Sarah M. Chapman, her daughter. By the instrument of January 13, 1911, here offered for probate, the decedent gave all her property to her daughter, appointed her executor without bonds, and revoked all former wills. On December 3, 1909, she made a will giving the contestants, ten in number, legacies amounting to seventeen thousand dollars, and to other persons and institutions legacies amounting to thirteen thousand three hundred dollars, her summer home to her cousin Etta Alfred for her life, and the residue to her said daughter. The contestant, Harry J. Bias, who

was designated as executor in said former will, was the only natural person among the contestants who were named therein as legatees. His legacy of two thousand dollars was said to be for past services and for his services as executor. The other contestants are benevolent and religious societies and corporations. The value of the estate is about seventy-five thousand dollars.

The undue influence, as alleged, consisted of the importunities, advice, solicitations, and representations of Sarah M. Chapman and others acting for her, whereby the will and purpose of the decedent to leave part of her property to others was overcome and she was caused to make the will giving it all to said daughter.

The fraud, as alleged, consisted of promises and representations, said to have been made by and for Sarah M. Chapman to the decedent, that if the decedent would execute the will in question leaving all her property to said Sarah, she, the said Sarah, would distribute a part of the same among certain nieces and cousins of the decedent and certain churches and charitable institutions, according to the wish and intent of the decedent, which promises, it is alleged, were made without any intention of performing them, and by means thereof she was induced to and did make said will.

So far as the point that the verdict against the contestants on these two issues is contrary to the evidence is concerned, no extended discussion is required. A perusal of the record shows that at least the great preponderance of the evidence was against the contestants. There was no satisfactory evidence of undue influence. The circumstances proven to show it were all readily susceptible of an innocent explanation. On the subject of fraud the evidence was wanting upon the important element of fraudulent or bad intent. There was evidence that the decedent desired to give a considerable part of her estate to certain churches and societies and to other relatives, and also that she wished to place it all in control of her daughter for distribution of that part according to her desires, that the daughter was informed of these desires and promised the decedent that, if the will was made giving it all to her unconditionally, she would carry out those desires, and that the will was made upon the faith of this promise. But there is no substantial proof of bad faith on the part of

the daughter, or of the allegation that she made such promise without any intention of performing it. She did not testify, but her counsel stated that she did not deny the promise and that she intended to perform it. The only evidence of any consequence that might be supposed to indicate a contrary purpose is the testimony of the representatives of one of the contestant churches, who, the second day after the funeral of the testatrix, half playfully reminded the daughter of a promise she had a few hours before expressed to carry out her mother's wishes concerning the intended beneficiaries of the estate, to which the daughter answered "You know my heart, but I am making no promises." It appeared, however, that at that time, she had not seen the previous will, and was not fully advised as to the details of her mother's wishes, that she had received advice from her attorney in the meantime, and that she then again avowed her intention to carry out her mother's desires. The jury, on this evidence, was entirely justified in finding that the will was not procured by fraud.

A will executed upon the faith of such a promise honestly made, cannot be said to be procured by fraud or undue influence. If, after the death of the testatrix, the donee fails or refuses to perform the promise, a different question arises, and, although the will stands unaffected, the donee and the property may be charged with a trust in favor of the intended beneficiaries. (*De Laurencel* v. *De Boom*, 48 Cal. 585; *Estate of Brooks*, 54 Cal. 475; *Curdy* v. *Berton*, 79 Cal. 426, [12 Am. St. Rep. 157, 5 L. R. A. 189, 21 Pac. 858].)

The court instructed the jury that undue influence and unsoundness of mind were entirely distinct grounds for denying probate of a will, that a person might be the victim of undue influence, whether at the time sound or unsound in mind, and that if they found that the testatrix was of unsound mind at the time of the execution of the will, then it was entirely immaterial whether or not the daughter "exercised any undue influence over her in the matter of the execution of the will," because unsoundness of mind itself would incapacitate her to execute the will, "influence or no influence." The appellants contend that the jury, after finding that such unsoundness of mind was established, would conclude from this instruction that they need not consider

the evidence relating to undue influence, and that, in effect, it did prevent, or may have prevented, them from considering that evidence. The contention is not tenable. This statement was made immediately following the instructions concerning unsoundness of mind and in introducing the subject of undue influence. It was correct in point of fact. It does not purport to tell the jury that it would, in the event stated, be unnecessary or immaterial for them to consider the evidence as to undue influence or to find upon that issue. The court proceeded to instruct the jury fully upon the question of undue influence, and in effect directed the jury to consider the evidence relating to it, to decide the issue according to the evidence, and to return a verdict thereon. The jury must be presumed to have obeyed these directions. There is nothing in the record, or in the evidence, to indicate the contrary.

There was no error in refusing the requested instruction to the effect that the two former wills were admitted for the purpose of tending to raise a probability of undue influence. and that they were limited to that purpose. Such an instruction was improper, being an instruction as to the effect of evidence.

The instruction that these two former wills were allowed in evidence for the purpose of showing the state of mind and feeling of the testatrix toward the beneficiaries therein named, and not, specifically, to show that she made the will while of unsound mind, or through undue influence or fraud, is not erroneous. It was for the jury to determine what feeling or state of mind toward those beneficiaries was indicated by these wills, and, having done so, to decide whether it did or did not tend to prove the facts stated. An instruction, to the effect that it did prove those facts, by the court would have invaded the province of the jury.

The court refused instruction 7, asked by appellants, containing this passage: "The amount of undue influence which will be sufficient to invalidate a will must, of course, vary with the strength or weakness of mind and will of the testator; and the influence which would subdue or control a mind naturally weak, or which had become impaired by age, weakness, disease, or any other cause, might have no effect to overcome or mislead a mind naturally strong and unimpaired by any of the causes above stated." That the propositions

stated are correct is self-evident. But it does not follow that they should have been given to the jury as an instruction by the court. · The jury must decide all questions of fact arising from the evidence, at least where there is a substantial conflict. Where there is no such conflict the court may direct a verdict, but otherwise it may instruct only as to the law. The instruction is argumentative to a degree to which the court need not go. Where proper instructions on the point are given, a reversal should not follow either the giving or refusal to give such a proposition as an instruction. In other charges the jury was told that in considering the issue of undue influence they should take into consideration the age and mental and physical condition of the testatrix, as shown by the evidence, that an influence which she was too weak to resist and which destroyed her free agency and prevented the free and voluntary action of her judgment amounted to undue influence, that undue influence was the control of another will over that of the testatrix whose faculties have been so impaired as to submit to that control. We are of the opinion that the contestants suffered no substantial injury from the lack of fuller instructions on the precise point.

The nurses in attendance on the testatrix at the time of the execution of the will kept a chart or memorandum of her pulse and symptoms. This was lost, but there is no evidence that it was willfully destroyed or suppressed, or that it was kept for or delivered to the proponent. It was not legal evidence of the facts stated in it. (*Estate of Flint,* 100 Cal. 399, [34 Pac. 863].) Consequently it did not furnish a basis for the instruction that evidence willfully suppressed is presumed to be adverse to the party suppressing it, which was asked by contestants and refused.

A number of other rulings and proceedings at the trial are objected to as erroneous. None of them, in our opinion, could have affected the case to the prejudice of the contestants, or are of sufficient merit or importance to require discussion.

The orders appealed from are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.