[Civ. No. 10448. Second Appellate District, Division Two.—September 25, 1935.]

FRANK W. FRANCIS et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

Emmett A. Tompkins for Appellants.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondent.

WOOD, J.—Douglas C. Francis, nineteen years of age, was killed when the automobile which he was driving collided with an interurban car of defendant company. His parents commenced this action for damages and the jury returned a verdict in their favor. The trial court granted a motion for new trial "on the grounds of insufficiency of the evidence to support the verdict", and from the order granting the motion plaintiffs prosecute this appeal.

The accident occurred at about 4:30 o'clock in the afternoon at the intersection of St. Joseph Street and Second Avenue in the city of Arcadia. Defendant's car approached the intersection from the east on the company's private right-of-way. The deceased was driving his automobile north on Second Avenue. The intersection of the two streets is entirely paved; Second Avenue is paved north and south of the intersection and St. Joseph Street is paved west from the intersection. Photographs introduced in evidence indicate that the neighborhood is sparsely settled. Trees, a pile of pipe and a water tank obscure the view to the right of a driver of an automobile as he approaches the intersection on Second Avenue from the south. His view, however, becomes clear at a point about fifty feet from the intersection.

A conflict of evidence on several points is disclosed by the record. There was evidence that the interurban car and the automobile approached the intersection at approximately the same speed and that the driver of the automobile did not lower his speed before the collision. No useful purpose would be served by a statement of the evidence in detail. ■ It is sufficient to point out that the new trial was granted on the ground of insufficiency of the evidence to support the verdict and to refer to the oft-repeated rule that in cases where the

evidence is conflicting it is within the discretion of the trial court to grant a new trial. (*Estate of Everts*, 163 Cal. 449 [125 Pac. 1058]; *Allen* v. *Bay Cities Transit Co.*, 122 Cal. App. 590 [10 Pac. (2d) 520].) The judge in granting the motion for a new trial could draw inferences from the evidence opposed to those drawn by the jury, provided the inferences drawn by him were reasonable. "Conflicting inferences, if reasonable, stand upon the same plane as conflicting evidence." (*Mercantile Trust Co.* v. *Sunset Road Oil Co.*, 176 Cal. 451 [168 Pac. 1033].) ▪ To justify a reversal of the order of the trial court we must conclude that the evidence herein establishes that the defendant was guilty of negligence as a matter of law and that the deceased was free from contributory negligence as a matter of law. (*Estate of Sexton*, 199 Cal. 759 [251 Pac. 778].) The record before us does not justify such a conclusion.

The order appealed from is affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1935.