[Civ. No. 3752.   First Appellate District, Division One.—November 22, 1921.]

JULIUS LEVIN COMPANY (a Corporation), Appellant, v. SHERWOOD & SHERWOOD (a Corporation), Respondent.

[1] NEW TRIAL—SINGLE ISSUE—EFFECT OF.—When, upon a motion for a new trial, an order is made limiting the scope of the motion to a certain specified issue, it opens for examination only the issue upon which it is ordered, and the determination of the other issues remain in the record and cannot be retried.

[2] ID.—ACTION FOR DAMAGES—SECOND TRIAL ON SINGLE ISSUE—NEW FINDINGS ON ALL ISSUES — ERRONEOUS PROCEDURE. — An order granting a new trial in an action for damages for breach of contract on the issue of damages does not open for retrial every issue upon which the plaintiff's asserted right of recovery depends, and where the parties on the retrial treat the order as a limited one, it is error for the court to make an entirely new set of findings wherein every issue formerly found in favor of the plaintiff is found in favor of defendant and judgment entered accordingly.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant, Judge.   Reversed.

The facts are stated in the opinion of the court.

Louis H. Brownstone for Appellant.

Goodfellow, Eells, Moore & Orrick and George K. Ford for Respondent.

RICHARDS, J.—This is an appeal from the judgment in favor of the defendant.

The plaintiff commenced this action against the defendant to recover damages for a breach of contract.   In its com-

plaint, after setting forth the corporate character of the respective parties, it was alleged that on the twenty-eighth day of February, 1916, a contract was made between the plaintiff and the defendant whereby the defendant sold and the plaintiff purchased 750 cases of whisky, which the defendant failed to deliver, whereby the plaintiff was damaged in the sum of $2,179.50, the difference between the sale price of said whisky and the market value thereof when delivery should have been made. The defendant in its answer denied having made or entered into any such contract, and admitted that it had not delivered the whisky referred to in the plaintiff's complaint. The defendant then proceeded in a separate answer to set up a special defense, which was to the effect that it was the San Francisco agent of John Dewar & Sons, Ltd., of Perth, Scotland, and that as such agent and not otherwise it had received an order from the plaintiffs for 750 cases of the whisky of said firm, which order was entirely subject to the approval and confirmation of said foreign firm. That previous to the receipt of such order the defendant had notified the plaintiff that said firm of Dewar & Sons had advanced the prices of all its liquors owing to unsettled war conditions, and that said plaintiff with such knowledge gave its said order; that shortly thereafter the said defendant had received a circular from said firm to the effect that it could only execute orders on the condition that the prices chargeable therefor would be those current at the date of the filling of the order; that said plaintiff was made aware of the contents of said circular and had thereafter requested the postponement of the shipment of the goods in question to the month of November, 1916; that subsequently when the said goods arrived in San Francisco the defendant notified the plaintiff of their arrival and requested plaintiff to take delivery thereof and to pay therefor the advanced price of $4,581.50 required by said foreign firm. This the plaintiff refused to do, but offered to pay the defendant for said goods the former price of $4,105.50, claiming that this was the price agreed upon and was the only amount due as the purchase price of said goods; that defendant refused to deliver said goods at said last-named price. The defendant follows these averments with certain denials having reference to the market price of the goods in question at the time their delivery was to have been made.

In a subsequent amendment to its answer the defendant amplifies somewhat its denials as to the market value of the goods in question by specifically denying that the market value of the goods at the time when delivery was to be made above the alleged purchase price thereof was the sum of $2,179.50 as alleged by the plaintiff, or was any sum in excess of the sum of $476.

The cause went to trial upon the pleadings as thus presented. Upon its submission the trial court made its findings of fact and conclusions of law. By its said findings of fact the court specifically found in favor of the plaintiff upon all of the allegations of its said complaint, and found that by reason thereof the plaintiff had been damaged in the sum of $1,278.49. The court then proceeded to make certain findings upon the averments of the defendant's answer, but in respect thereto expressly found that at the time the plaintiff placed its order for the goods in question with the defendant the said defendant did not inform the plaintiff as to the uncertainty in prices of the goods ordered nor the attitude and action of Dewar & Sons as to the prices to be charged upon the filling of such orders. The court concluded its said findings with the express finding "that the transaction between the plaintiff and the defendant was one of purchase and sale; that the minds of the parties met in the contract, and that the plaintiff acted in perfect good faith in all things in connection with said order." As a conclusion of law from its aforesaid findings of fact the court found that the plaintiff was entitled to judgment against the defendant for the sum of $1,278.49, together with its costs. Judgment was accordingly entered in the plaintiff's favor for said sum. Thereafter the defendant moved for a new trial upon all of the grounds permitted by the code, including the ground that the damages awarded by said judgment were excessive. Upon the submission of this motion the court made and entered the following order: "It is ordered that said defendant's motion be and the same is hereby granted *on the issue of damages.*"

The case thereafter came on for trial, at the opening of which counsel for plaintiff made the following statement: "I call the court's attention to the fact that this is the second trial of this case, and that when a new trial is granted herein on the issue of damages the testimony will therefore

be confined to that issue." In this statement the court and counsel for the defendant evidently acquiesced. The plaintiff thereupon called one witness, who testified that the difference between the cost of the goods according to the plaintiff's claim and the market value at the time of delivery was $1,837.01. The plaintiff thereupon rested, whereupon the defendant called one witness, who testified that the difference between the cost of the goods according to the plaintiff's claim and the market value at the time of delivery was $476. The matter was thereupon submitted and taken under advisement by the court.

Some time later the court made and filed an entirely new set of findings, wherein every issue in the case formerly found in favor of the plaintiff was found in favor of the defendant, and as a conclusion of law therefrom the court found "that the minds of the parties never met, and that there was no contract made between the parties in the above-entitled action. Let judgment be entered accordingly for the defendant." The judgment was accordingly so entered, and from that judgment the plaintiff prosecutes this appeal.

[1] The sole question presented upon this appeal is as to the effect of the order of the trial court in granting the defendant's motion for a new trial "upon the issue of damages." Whatever of uncertainty there might have been in the form and as to the scope of this order would seem to have been entirely removed by the construction which the parties to the action and the trial court itself placed upon it by their action and conduct at the time of the second trial of the case. The order in question was treated as an order limiting the second trial of the cause to the single issue as to the amount which the plaintiff was entitled to recover in damages. The respondent herein still considers this to be the effect of said order, since in the opening sentence of his brief herein respondent's counsel says, "The facts of this case so far as are necessary for this appeal are substantially stated in appellant's brief. It is true that the new trial was granted on the one issue of damages, and the only evidence received on the new trial was on the question of the amount of damages." The new trial herein having thus concededly and actually been confined to this single issue, there is no confusion in the authorities as to the effect of such an order, or as to the limited power and functions

of the trial court upon the retrial of the cause. It has long been settled law that the trial court may by its order granting a new trial limit the issues to be considered upon a retrial of the cause (*San Diego Land Co.* v. *Neale,* 78 Cal. 64 [3 L. R. A. 83, 20 Pac. 372]; *Duff* v. *Duff,* 101 Cal. 2 [35 Pac. 437]; *Cohen* v. *Canada Land Co.,* 151 Cal. 689 [11 L. R. A. (N. S.) 752, 91 Pac. 584]; *Estate of Everts,* 163 Cal. 451 [125 Pac. 1058]).

In *Estate of Everts, supra,* the supreme court says: "It is within the power of the trial court where there is more than one issue of fact in the case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others (citing the above-mentioned cases). These cases declare also that when such new trial is granted it opens for examination only the issue upon which it is ordered, that the determination of the other issues remains in the record, and that they' cannot be retried. The only remedy of the moving party as to those issues is to appeal from the part of the order denying the motion for a new trial as to them."

The respondent herein, however, contends that the rule above stated has been changed by the fact that the defendant has no longer under the code the right of appeal from such an order in so far as it amounted to a denial of the motion for a new trial as to all of the other issues in the case save only the issue of damages. We do not think, however, that such a sweeping effect should be given to the change in the code in respect to appeals from orders denying motions for a new trial, since to do so would entirely do away with the power of the trial court, and even of appellate courts, to order new trials upon limited issues. We therefore regard the last above-cited case as authority for the proposition applicable to this case that when, upon motion for a new trial, an order is made limiting the scope of the motion to a certain specified issue, "it opens for examination only the issue upon which it is ordered; that the determination of the other issues remains in the record and! that they cannot be retried."

[2] It is the further contention of the respondent herein that since this was an action for damages the order of the trial court should be construed as opening for retrial every issue upon which the plaintiff's asserted right to recover

damages depends. · This construction, however, would not only render idle and meaningless the language of the order granting the new trial "upon the issue of damages," but it would also be a construction contrary to the interpretation which both the trial court and the parties placed upon said order upon the retrial of the cause. Had the parties understood that the order granting a new trial was a general order as to all of the issues in the case they would doubtless have pursued the uniform practice of reproducing all of the evidence in the case, together with such new and additional evidence as might seem advisable in view of the court's action in generally reopening the case for retrial. That they did not do so, and that the trial court acquiesced in their interpretation of the limited scope of its order, leaves no room for the construction which the respondent now seeks to place upon it. To now adopt such a construction would be manifestly unfair to the plaintiff in the case, who, if such was to be its effect, was clearly misled as to the issues to be tried and the evidence to be presented upon the retrial of the cause. By direct sequence it follows that an even greater injustice was done to the plaintiff in the case when, without any opportunity being afforded to repeat and, if need be, to strengthen its proofs, the trial court upon the resubmission of the cause on evidence confined strictly to the question of damages, undertook to find against the plaintiff upon every issue in the case which it had formerly found in its favor, and upon such findings to render a judgment which was directly the reverse of that which it had rendered upon the first trial of the cause. We are entirely satisfied that the trial court was in error in so doing. The cases cited by the respondent touching the power of a trial court to change its findings at any time before the entry of a judgment in a case have no application to the state of facts presented in the case at bar, as a careful reading of *Estate of Everts, supra,* will show.

Judgment reversed.

Waste, P. J., and Kerrigan, J., concurred.