[Civ. No. 6254. Third Appellate District.—May 2, 1940.]

R. D. JOHNSTONE et al., Respondents, v. J. W. JOHNSON et al., Appellants.

Butler, Van Dyke & Harris and Manwell & Manwell for Appellants.

McAllister & Johnson and A. C. McClellan for Respondents.

THE COURT.—Plaintiffs, as lessees, brought this action alleging that they had been evicted from the possession of certain leased premises known as the Peach Bowl Hotel, and praying for general and exemplary damages. Defendants denied generally all of the allegations of the complaint, and in a separate defense set forth the service of a notice to vacate or to pay rent.

The action was tried before a jury and a verdict of $700 damages was returned in favor of plaintiffs. Plaintiffs then moved for a new trial upon various grounds, among others, that the verdict in the sum of $700 was, according to the evidence, inadequate and given under the influence of prejudice.

Upon the hearing an order was made denying the motion for a new trial, except as to the single issue as to the amount of damages, and as to that, the motion was granted upon the

ground the evidence was insufficient to sustain the verdict. From that order this appeal was taken by the defendants and lessors.

It is now the contention of respondents, the lessees and plaintiffs in the action, that there were two separable issues presented to the jury; the first, the wrongful eviction from the premises, and secondly, the damages suffered. They also contend these issues were so clearly separable that a new trial could be had as to either issue, and as the record now stands a new trial could be confined to a hearing on the question of damages alone.

There is no doubt that where there are several issues of fact presented in a case, which are distinct and separable in their nature, the court may grant a new trial as to one issue and deny the motion as to others, and that when such a new trial is granted it opens for reexamination the issue which is ordered only, and as to other issues there shall be no retrial. (*Henslee* v. *Fox,* 25 Cal. App. (2d) 286 [77 Pac. (2d) 307] ; *Estate of Everts,* 163 Cal. 449 [125 Pac. 1058].)

Also, there can be no question but that the trial court, in the exercise of a sound discretion, may grant a motion for a new trial on the ground of insufficiency of the evidence, and a reviewing court will not interfere with such an order except where it manifestly appears that such discretion has been abused.

We have examined the transcript in this cause, and cannot say after such examination that the court abused its discretion in granting the new trial. Whether or not, however, respondents were entitled to damages in excess of the amount for which they were given judgment, or to any damages at all, is not so clear, nor can we say the issues are so separate and distinct that the question of damages may be determined without at the same time examining the entire relationship between the parties.

Most of the evidence introduced at the trial had to do with the financial relations between the parties. This testimony was not only conflicting but so intermingled with the evidence on other issues as to constitute one problem. The testimony of plaintiffs indicates a profit for the hotel and bar but a loss on the operation of the cafe, but they admit they were in arrears in the rent over $1,000 besides other indebtedness,

as well as for a note of some $400 due lessors for stock in trade, fixtures, etc.

In July, 1937, a lease was entered into, fixing the terms of the lease and the payments due thereunder. Among other things, it was agreed that after deducting certain sums each month from the returns of the hotel, all surplus was to be applied upon the purchase price. Apparently shortly after the execution of this agreement trouble arose as to the application of the returns from the hotel and it was agreed a third party was to take over the moneys, paying certain fixed charges and render an accounting each month. This agreement was not carried out, at least to the satisfaction of the lessors, and a notice to terminate the lease was given. It is plain that the so-called interference by lessors in the business of lessees was largely with the consent of the lessees, and was in an attempt to work out the balance due on the rent. Although respondents claim they were possessed of a valuable lease, the record does not seem to bear out the contention. They were financially involved, and to show such, the entire evidence should be presented upon a retrial.

It is necessary, therefore, that the order granting a new trial as to the single issue of damages alone be affirmed, but the order as to all other issues be reversed, and the cause remanded for a new trial. Each party to pay his own costs on appeal. It is so ordered.