[Civ. No. 13460.   Second Dist., Div. Two.   Apr. 2, 1942.]

BYRON Q. ADAMS, Respondent, v. REBECCA B. HILDEBRAND, Appellant.

C. F. Jorz for Appellant.

Chase, Barnes & Chase and Milford Fish for Respondent.

McCOMB, J.—From an order granting a new trial on the issue of damages alone after trial before a jury in an action to recover damages for wrongful death defendant appeals.

The essential facts are:

The jury returned a verdict in favor of plaintiff in an action to recover damages for wrongful death of a child of the age of two years in the sum of $250. Thereafter on motion for a new trial the trial judge made the following order: "It is hereby ordered that the motion of the plaintiff Byron Q. Adams for a new trial in the above entitled action be and the same hereby is granted as to the issue of damages only, upon the ground of insufficiency of the evidence to justify or sustain the verdict heretofore rendered in the above entitled action."

This is the sole question necessary for us to determine:

*Did the trial court commit prejudicial error in granting plaintiff's motion for a new trial on the issue of damages only?*

This question must be answered in the negative and is governed by the following pertinent rules of law:

(1) It is within the power of the trial court where there is more than one issue of fact in a case and such issues are distinct and severable to order a new trial on one issue only (*Estate of Everts,* 163 Cal. 449, 452 [125 Pac. 1058]; sec. 657, Code Civ. Proc.)

(2) Ordinarily the question of whether the issues are severable or so "inseparably pleaded" as to require that a new trial be granted as to all the issues is a question within the discretion of the trial court, whose determination thereof will not be disturbed on appeal in the absence of a showing of abuse of discretion. (*Amore* v. *Di Resta,* 125 Cal. App. 410, 414 [13 P. (2d) 986].)

(3) Where general damages awarded are small but to a certain extent compensatory, no conclusion can be drawn

therefrom that the verdict was a compromise, and it is within the discretion of the trial court to grant a new trial as to the issue of damages only upon the ground of insufficiency of the evidence to sustain the verdict. (*Sassano* v. *Roullard,* 27 Cal. App. (2d) 372, 376, 377 [81 P. (2d) 213] ; see, also, *Gates* v. *Wendling Nathan Co.,* 27 Cal. App. (2d) 307, 316 [81 P. (2d) 173].)

Applying the foregoing rules to the facts of the instant case, we find it was within the power of the trial court to grant a motion for a new trial on the issue of damages only, and it was also the duty of the trial judge to determine whether the issues of negligence and damages were severable. The determination of the trial judge that these issues were severable will not be disturbed by us, since there was no showing of abuse of discretion, it being conceded that the evidence was sharply in conflict upon the issue of negligence. It was stipulated that the special damages amounted to $198.68. It is therefore obvious that the sum of $51.32 as general damages for the wrongful death of plaintiff's minor son was inadequate.

There is no merit in defendant's contention that the verdict was a result of an obvious compromise by the jury, in view of the third rule above stated. Neither is there any merit in defendant's proposition that, if the order granting the motion for a new trial stands, he is being deprived of his constitutional right to a trial by jury. (See *Ingraham* v. *Weidler,* 139 Cal. 588, 589 [73 Pac. 415].)

The cases of *Wallace* v. *Miller,* 26 Cal. App. (2d) 55 [78 P. (2d) 745], and *Bencich* v. *Market St. Ry. Co.,* 20 Cal. App. (2d) 518 [67 P. (2d) 398], are factually distinguishable from the facts in the present case. This distinction is clearly pointed out in *Sassano* v. *Roullard, supra,* p. 376 et seq.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.