[Civ. No. 13486. First Dist., Div. One. Mar. 1, 1948.]

GLENN H. SPENCER, Appellant, v. TED NELSON et al., Respondents.

James R. Agee and Harold C. Holmes, Jr., for Appellant.

B. H. Muldary, Norman Elkington and Hardin, Rank, Meltzer & Fletcher for Respondents.

WARD, Acting P. J.—The complaint herein prays for declaratory relief arising out of a controversy as to the legal rights of plaintiff and defendants with respect to a written agreement covering the organization and management of a certain welding equipment corporation. Plaintiff alleges that defendants have caused royalties to be withheld from plaintiff and threaten to ignore the agreement. The answer pleaded lack of consideration and that during a certain period plaintiff occupied the position of attorney toward defendants and that during such period in their legal and business relations he acquired an advantage to the detriment of defendants in the making of the agreement.

The trial court found in favor of defendants and as a conclusion of law it declared that defendants were entitled to a judgment and decree to the effect that the main written instrument and an amendment thereto are both void, invalid and of no legal effect. Judgment was entered accordingly. Subsequently the court ordered "that said plaintiff's motion for a new trial be and the same is hereby granted on the issue of ratification." This order was amended by a subsequent order as follows: ". . . it is now ordered by the Court that said minute order be and the same is hereby amended to provide the following, to-wit, that the judgment hereinbefore entered is vacated and a new trial granted on the issue of ratification." The notice of appeal designates that the "order vacated the judgment heretofore entered herein and granted plaintiff a new trial only as to the issue of ratification." ▮ A trial court has power to grant a new trial on part of the issues. (Code Civ. Proc., § 657; *Adams* v. *Hildebrand,* 51 Cal.App.2d 117 [124 P.2d 80]; *Crandall* v. *McGrath,* 51 Cal.App.2d 438 [124 P.2d 858].)

The written agreement involved is dated September 5, 1942. All matters preliminary to or occurring on September 5, 1942, up to the precise time that the contract and an amendment thereto were executed and delivered, comprise a definite period upon which all issues pertaining to the validity of the agreement may be determined. The acts performed or statements made by the parties, particularly the defendants, subsequent to September 5, 1942, are matters that may be considered in determining ratification. The question whether the evidence supports the foregoing findings is not before this court. The question here is the propriety of a new trial on the issue of ratification. In examining the

transcript of evidence to determine the propriety of separability, and whether the hearing of the motion for a new trial based upon one issue may be prejudicial, it appears that the court did not limit the examination to the subject of ratification, and plaintiff has not called attention to any such limitation.

Plaintiff has confined his appeal to the following questions: "I. Limiting a new trial to the issue of ratification is prejudicial to appellant. II. Ratification of the alleged wrongful acts is not a separable issue. III. Limiting the issue to be retried does not save time and expense or eliminate confusion and inconvenience."

■ The third point may have some merit generally, as it often appears necessary practically to retry many issues when a new trial is granted on only one issue, but this question, namely, the specific scope of the new inquiry, must be left to the trial court. A reviewing court is unable to determine the admissibility of the evidence that may be offered in substantiation of the claim of ratification. It may be necessary to introduce part of the evidence covering the period prior to September 5, 1942, to show sequentially a ratification. It may only be necessary to refer to the previous findings. ■ It must be assumed until a record proves the contrary that the trial court will use its discretionary power in a judicial and equitable manner.

That expense, confusion and inconvenience will occur do not appear affirmatively from the record before this court. (*Emerson* v. *Yosemite Gold Min. etc. Co.*, 149 Cal. 50 [85 P. 122].) ■ The execution of the agreement and its ratification thereafter are distinctly separable issues in this case as they are divided in time and in acts by a specific date. Inducements offered, lack of full information or lack of independent advice all may play a part in the execution of the agreement, but statements or acts tending to ratify the execution notwithstanding the alleged deceit stand as separate issues. Simply because the issue of ratification is a subsidiary issue does not make it nonseverable. Its bearing on what the parties understood at the time of negotiations does not make it severable.

The contention of plaintiff appears in a more serious aspect when it is considered that plaintiff is a licensed attorney at law. The fact that he is an attorney can not change the rule. However, on the retrial he may be able to prove

that when defendants had *knowledge* of the writing of September 5, 1942, they consented to and worked under the terms of the agreement. If such evidence is forthcoming plaintiff will be entitled to a judgment enforcing the provisions of the agreement of September 5, 1942.

It was held in *Keogh* v. *Maulding*, 52 Cal.App.2d 17, 21 [125 P.2d 858]: "The logical test, for the determination of such a question would appear to be that, if a second trial, limited to one issue, might be prejudicial to either party, then obviously,. to order such a retrial would be an abuse of discretion. And any doubt in that connection should be resolved in favor of a trial on all issues." In the present case if the court should find that defendants ratified the agreement, though tainted with deceit, the judgment would necessarily be for plaintiff. If the court should find contrary to plaintiff's interest in the matter then he has a full remedy by appeal from the final judgment. According to the record the final judgment that was entered has been vacated, thereby making the new judgment when entered available for appeal.

In view of the rule set forth in Code of Civil Procedure, section 657, the trial court had a right to grant a new trial on one issue. It has not been made apparent on appeal that plaintiff will be prejudiced thereby.

The order appealed from is affirmed.

Bray, J., and Finley, J. pro tem., concurred.