[Civ. No. 17782. Second Dist., Div. One. Apr. 11, 1951.]

COUNTY OF LOS ANGELES, Respondent, v. BEN BITTER et al., Defendants; BURNEY M. STARKSEN et al., Appellants.

Stewart, Shaw & Murphey for Appellants.

Harold W. Kennedy, County Counsel, Roy W. Dowds, Assistant County Counsel, and John B. Anson, Deputy County Counsel, for Respondent.

HANSON, J. pro tem.—The case below was instituted by plaintiff-respondent county of Los Angeles to condemn, for a public use, a real property consisting of 80 acres owned by defendant-appellants. The jury returned a verdict for the defendants in the sum of $22,052.25, upon which judgment was entered. The highest value ascribed to the property on the part of witnesses for the plaintiff was $5,600; on the part of witnesses for the defendants it was $44,000. The defendants having refused to consent that the judgment be reduced to $10,000, the trial court vacated the judgment and ordered a new trial on the sole ground that the damages, awarded by the verdict, were not sustained by the evidence.

The appeal in this case by the defendant-appellants is both unusual and unique in that it purports to be not only (1) an appeal from the order vacating the judgment and granting a new trial, based upon the motion of the plaintiffs, but (2) an appeal from the *vacated* judgment rendered in favor of the defendants. Accordingly, if we were to reverse both the order granting a new trial and the judgment, as defendants request, the case in any event would have to be tried anew, which is exactly what the trial judge ordered. Evidently the procedure taken by the defendant-appellants was based on the hope that we would not only sustain the appeal *in toto,* but would, in advance of the new trial, which concededly must now be had, express our opinion on the rulings of the court below, which are here assigned as error. ■ This we may not do as it has long been established as an unquestioned rule that an appellate court may not undertake a piecemeal review of a case. (*West* v. *Spencer,* 238 Mo. 65 [141 S.W. 586].)

■ The rulings below, of which complaint is here made, occurred in advance of, or at, the trial below and so were in every instance interlocutory in character and hence not appealable. As the rulings were interlocutory before the judgment was entered they are of like character now that the judgment has been vacated. ■ As the judgment itself was vacated and thus became nonexistent the attempt to appeal therefrom was entirely ineffectual. (*Carpenter* v. *Hamilton,* 18 Cal.App.2d 69 [62 P.2d 1397]; 4 C.J.S. 203, n. 80.) If,

in the instant case, a new trial had not been ordered and the defendant had appealed from the judgment as originally entered, we would then be under a duty, if we reversed the judgment, to point out the errors in the court's rulings to the extent they had been assigned and were of a character that could have affected the verdict or findings upon which the judgment was entered. We have no such comparable situation here.

There remains then for our consideration on the merits only the appeal from the order granting a new trial.

 Under well-established rules of law the trial judge was vested, not only with the power, but also with the duty to grant a new trial upon the issue of damages if he was of the considered opinion that the damages as assessed by the jury were too high. In this case he thus exercised his discretion and we may not review it, unless it be shown he abused it. There is in this record not the least suggestion of any such abuse.

The appeal from the judgment is dismissed. The order vacating the judgment and granting a new trial is affirmed.

White, P. J., and Drapeau, J., concurred.