[L. A. No. 22178.   In Bank.   July 16, 1952.]

MARY R. CLIFFORD, Appellant, v. R. T. RUOCCO, Respondent.

Edgar B. Hervey and Henry F. Walker for Appellant.

McInnis & Hamilton and John W. McInnis for Respondent.

GIBSON, C. J.—Plaintiff was given judgment upon a jury verdict in an action for personal injuries arising out of an automobile collision. She takes this appeal, contending that the award of damages is inadequate and that the judgment is therefore unsupported by the evidence.

Plaintiff rented living accommodations from defendant, and she testified that she did so with the understanding that he would provide her with transportation to and from her place of employment. While driving plaintiff to work one morning, defendant went through a stop light and collided with another car. As a result of the accident, plaintiff sustained injuries which required extensive medical treatment and hospital care. There is ample evidence that defendant's negligence was the proximate cause of the collision, but he claims that he did not agree to drive plaintiff to work and that she accepted the ride without giving compensation. The jury made a special finding that plaintiff was a passenger in defendant's car and not a guest,* and it returned a verdict in plaintiff's favor in the sum of $1,500. Plaintiff moved for a new trial on the ground that the amount of damages awarded was inadequate. The trial judge ruled that plaintiff's motion would be denied if, within 10 days, defendant would file a consent to pay $2,000 in satisfaction of the judgment, but that the motion would be granted on all the issues if defendant failed to file a consent. Defendant filed a consent within the prescribed period, but plaintiff declined to take the increased amount in satisfaction of her claims. The court did not compel her to accept the additur, the motion for new

---

*The designations ''passenger'' and ''guest'' have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 403 of the Vehicle Code from one carried gratuitously. Where the driver receives a tangible benefit, monetary or otherwise, which is the motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence. (*Whitmore* v. *French*, 37 Cal.2d 744, 746 [235 P.2d 3].)

trial was denied, and judgment was rendered on the verdict for $1,500. (*Cf. Dorsey* v. *Barba,* 38 Cal.2d 350, 355-356 [240 P.2d 604].)

█ The evidence establishes without contradiction that plaintiff suffered a scalp laceration and bruises to her side and leg, including a deep bruise of the thigh. A painful infection developed in her thigh, making it necessary for her doctor to incise the wound and drain the accumulated matter. Afterwards, adhesions formed between the skin tissue and the underlying muscles, causing plaintiff considerable discomfort and hindering her in the full use of her leg. An operation performed to remove the adhesions proved unsuccessful, and the area again became infected. She continued to suffer from pain and swelling in her leg up to the time of trial, and her doctor testified that there was a reasonable probability that another operation would be required in order to remedy this condition. Plaintiff incurred expenses for ambulance, hospital and medical service in the amount of $1,159.42, and the cost of the future operation was estimated at $300. In addition, her loss of earnings amounted to approximately $630. These items alone, which amounted to over $2,000, exceeded the $1,500 awarded by the jury. In addition, plaintiff sought recovery for pain and discomfort resulting from her injuries. She was confined to a hospital for 24 days, she experienced a considerable amount of pain and inconvenience for a year before the case came to trial, and there was evidence that she was likely to continue to suffer for some time in the future. Under these circumstances, it is clear that the award of damages was inadequate as a matter of law, and the judgment must be reversed.

We must next determine whether the case should be remanded on all the issues or on the issue of damages alone. It has been held that on an appeal from a judgment where the evidence as to liability is "overwhelming" a retrial may be limited to the issue of damages. (*Taylor* v. *Pole,* 16 Cal.2d 668, 675 [107 P.2d 614]; *cf. Crandall* v. *McGrath,* 51 Cal. App.2d 438, 440-442 [124 P.2d 858].) █ Where, however, the evidence as to liability is in sharp and substantial conflict, and the damages awarded are so grossly inadequate as to indicate a compromise on the issues of liability and damages, the case should be remanded for a retrial of both issues. (*Wilke* v. *Crofton,* 34 Cal.2d 304, 310 [209 P.2d 790]; *Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518, 529-530

330

[67 P.2d 398]; see, also, *Wallace* v. *Miller,* 26 Cal.App.2d 55, 58-59 [78 P.2d 745]; *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal.App. 8, 10-11 [175 P. 26, 177 P. 845].)

██ A failure to allow for undisputed special damages and loss of earnings is one circumstance which the courts have considered as being some indication of a compromise verdict. (See *Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518, 529-530 [67 P.2d 398]; see, also, *Woods* v. *Eitze,* 94 Cal.App.2d 910, 915 [212 P.2d 12]; *Hughes* v. *Schwartz,* 51 Cal.App.2d 362, 368-370 [124 P.2d 886].)

██ In the present case the evidence establishes that defendant's negligence was the proximate cause of plaintiff's injuries. It is not contended, however, that the evidence would support a finding that defendant was intoxicated or was guilty of wilful misconduct, and there is a sharp and substantial conflict in the evidence on the question of whether plaintiff paid compensation for the ride. (See Veh. Code, § 403.) As we have seen, plaintiff testified that she rented living accommodations from defendant only after he assured her that he would furnish her with transportation to and from her place of employment, and there is other evidence which tends to corroborate her testimony. On the other hand, defendant denied having made such a promise and stated that he provided her with transportation merely as a gratuity.

In view of this conflict in the evidence, and considering that the damages awarded were less than plaintiff's undisputed special damages and loss of earnings, it would appear that the verdict was the result of a compromise on the issues of liability and damages, and substantial justice requires that the case be retried in its entirety.

The judgment is reversed.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of reversal but cannot agree with the reasoning of the majority on which it bases its conclusion that the action should be retried on all the issues. It is obvious that the majority has not analyzed the decisions which have given consideration to this problem.

From a study of the cases it is apparent that the function of the appellate court in determining whether or not a new trial should have been granted, and whether some or all of the issues should be retried, varies with what has happened in the trial court. This must be true if we are to follow

the traditional rule relating to the function of the trial court in ruling on a motion for a new trial.

It must be remembered that in the case at bar the trial court denied plaintiff's motion for a new trial, after having stated that unless the defendant consented to an increase of $500 in the amount awarded to plaintiff, it would grant a new trial on all the issues. The defendant consented to this increase, but the plaintiff refused to accept the same, and the trial court thereupon denied plaintiff's motion for a new trial. The record before us, therefore, presents a question similar to that presented in *Bencich* v. *Market St. Ry. Co.*, 20 Cal.App.2d 518 [67 P.2d 398], cited in the majority opinion. There the trial court had denied plaintiff a new trial after a jury had returned a verdict in his favor for $5,000 on a second trial, when a verdict of $20,000 in favor of plaintiff had been awarded at a first trial, and a new trial granted. It is obvious that the appellate court there was confronted with the question as to whether or not the trial court had committed error in denying plaintiff's motion for a new trial which does not appear to have been limited to the issue of damages only, but the plaintiff asked the appellate court to reverse the judgment with directions that the case be retried on the issue of damages only. The opinion in the Bencich case was prepared by Mr. Justice Bray who was then sitting pro tem. in the District Court of Appeal. It is a very able and scholarly opinion and correctly states the rule applicable to the questions presented in the case, and which are applicable to the case at bar. The difficulty with the reasoning of the majority in the case at bar is that it confuses the legal problems involved in a case such as this with the rule applicable to cases where the trial court has granted a motion for a new trial on the issue of damages only, as the majority opinion cites the cases of *Hughes* v. *Schwartz*, 51 Cal.App.2d 362 [124 P.2d 886] and *Woods* v. *Eitze*, 94 Cal.App.2d 910 [212 P.2d 12] as being governed by the same rule as the Bencich case. I will attempt to demonstrate the fallacy of such holding.

It must be conceded that the only statutory authority for a trial court to grant a new trial because of the inadequacy of the damages awarded is that such ground comes within the purview of insufficiency of the evidence to support the verdict or judgment set forth in subdivision 6 of section 657 of the Code of Civil Procedure (see 20 Cal.Jur. 104). It has been the traditional rule that if there is a conflict in

the evidence, even though the evidence is overwhelmingly in favor of the party against whom the motion is granted, the order of the trial court granting a new trial on insufficiency of the evidence will not be disturbed on appeal (*Brignoli* v. *Seaboard Trans. Co.*, 29 Cal.2d 782, 791 [178 P.2d 445]; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358 [170 P.2d 465]; *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689]). Such being the rule where a new trial is granted on the insufficiency of the evidence, and the same rule being applicable to a limited new trial, or a new trial on certain issues only, which is likewise authorized by section 657 of the Code of Civil Procedure, it should follow in the latter type of cases that if there is evidence which supports the conclusion of the trial court as to inadequacy of the damages awarded, its conclusion in such a case should likewise not be disturbed by an appellate court. This is the uniform rule which has been adopted and followed by the appellate courts of this state with very few exceptions, as will appear from the following citations. (*Conroy* v. *Perez*, 64 Cal.App.2d 217 [148 P.2d 680]; *People ex rel. D. of P. Works* v. *McCullough*, 100 Cal.App.2d 101 [223 P.2d 37]; *Ona* v. *Reachi*, 105 Cal.App.2d 758 [233 P.2d 949]; *County of Los Angeles* v. *Bitter*, 103 Cal.App.2d 385 [229 P.2d 466]; *Perry* v. *Fowler*, 102 Cal.App.2d 808 [229 P.2d 46]; *Parks* v. *Dexter*, 100 Cal.App.2d 521 [224 P.2d 121]; *Estate of Everts*, 163 Cal. 449 [125 P. 1059]; *J. Levin Co.* v. *Sherwood & Sherwood*, 55 Cal.App. 308 [203 P. 404]; *Rigall* v. *Lewis*, 1 Cal.App.2d 737 [37 P.2d 97]; *Spencer* v. *Nelson*, 84 Cal.App.2d 61 [190 P.2d 40]; *Wold* v. *League of the Cross*, 107 Cal.App. 344 [290 P. 460]; *Amore* v. *Di Resta*, 125 Cal.App. 410 [13 P.2d 986]; *Johnstone* v. *Johnson*, 38 Cal.App.2d 700 [102 P.2d 374]; *Adams* v. *Hildebrand*, 51 Cal.App.2d 117 [124 P.2d 80]; *Crandall* v. *McGrath*, 51 Cal. App.2d 438 [124 P.2d 858]; *Bauman* v. *San Francisco*, 42 Cal.App.2d 144 [108 P.2d 989]; *Tumelty* v. *Peerless Stages*, 96 Cal.App. 530 [274 P. 430]; *Pacific Tel. & Tel. Co.* v. *Wellman*, 98 Cal.App.2d 151 [219 P.2d 506]; *Cox* v. *Tyrone Power Enterprises, Inc.*, 49 Cal.App.2d 383 [121 P.2d 829]; *McNear* v. *Pacific Greyhound Lines*, 63 Cal.App.2d 11 [146 P.2d 34]; *Keogh* v. *Maulding*, 52 Cal.App.2d 17 [125 P.2d 858]; *Henslee* v. *Fox*, 25 Cal.App.2d 286 [77 P.2d 307].)

The only departure from the settled rule announced in the above cited cases, that an order of a trial court granting a motion for a new trial on the issue of damages only

will not be disturbed on appeal in the absence of a gross, manifest and unmistakable abuse of discretion, is the case of *Wallace* v. *Miller,* 26 Cal.App.2d 55 [78 P.2d 745], where the District Court of Appeal obviously misapplied the rule in the Bencich case, *supra,* and held that the trial court committed an abuse of discretion in granting a new trial on the issue of damages only where the jury awarded plaintiff the amount of his hospital bill of $120.25 when the undisputed evidence showed that the damage to his automobile from the accident amounted to $203.64 and he also suffered from the effects of the injury.

I think it is obvious that the District Court of Appeal in the Wallace case became confused and applied the rule applicable to a case such as the Bencich case where the trial court had denied plaintiff's motion for a new trial and the appellate court had before it the same question which is presented in the case at bar, namely, whether upon a reversal of the judgment it should direct a new trial upon the issue of damages only. Of course the appellate court in the Wallace case did not have the benefit of the numerous authorities cited above, all of which hold that the ruling of a trial court granting a new trial on the issue of damages only will not be disturbed unless there is a gross, manifest and unmistakable abuse of discretion.

The majority also cite the case of *Wilke* v. *Crofton,* 34 Cal.2d 304 [209 P.2d 790] as supporting its holding in the case at bar. While it is true that the Wilke case cites *Keogh* v. *Maulding,* 52 Cal.App.2d 17 [125· P.2d 858], *Wallace* v. *Miller,* 26 Cal.App.2d 55 [78 P.2d 745], *Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518 [67 P.2d 398] and *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal.App. 8 [175 P. 26, 177 P. 845] for the proposition that "where the evidence as to liability is sharply conflicting and the damages awarded are so grossly inadequate as to indicate a compromise on the issues of liability and damages, the entire case should be re-examined," it is obvious that these cases have no application to a case tried before a judge without a jury as was the situation in the Wilke case. Obviously the reason for the rule stated in the Wallace case could not be applicable to a case tried before a judge without a jury. In the Wallace case the court said, at page 58: "The verdict of the jury which found, in effect, that defendants were guilty of negligence and that plaintiff was free from contributory negligence and yet allowed damages which were grossly inade-

quate, furnishes convincing proof as said in the Donnatin case, *supra,* page 11, 'that in order to reach an agreement, the verdict was the result of unwarranted concessions of convictions made by each of two opposing factions of the jury, one of which conscientiously believed that defendant should prevail in the action and the other equally conscientious in the opinion that plaintiff should recover damages commensurate with the injuries sustained. It is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged' (or, in our case, the additional issue that plaintiff was guilty of contributory negligence), 'nevertheless agreed to surrender their views in consideration of other jurors consenting to the trifling award made. . . . It would work a grave injustice upon defendant to force it to a new trial of the issue as to damages only, with the issue as to liability, upon which no verdict other than in name had been rendered, forever closed against inquiry.' Just how much the jury was influenced by the instructions upon imputed negligence it is impossible to say. It may well be that the jury did not believe there was any contributory negligence upon the part of the plaintiff, but some jurors might also have believed, under the evidence, that the driver of the apparatus was negligent and that his negligence as a matter of law should be imputed to plaintiff, and in this mistaken belief they might have surrendered their convictions as to the amount of damages they should award. On the other hand, it is possible, under the evidence, that some of the jurors believed that the driver was negligent and that plaintiff contributed proximately to the accident by, with knowledge of such negligence on the part of the driver and of the conditions constituting such negligence, failing to warn the driver or persuade him to stop or slow up, and such jurors surrendered their convictions in this behalf in exchange for a verdict of low damages. In view of this uncertainty and the fact that clearly something other than the evidence on the question of damages must have actuated the jury, or some of them in arriving at such a low verdict, substantial justice requires that (as said in the Donnatin case, *supra,* p. 11), '. . . what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of "splitting it up" between different judges and different juries.' '' Certainly it cannot logically be said that a trial

judge awarded inadequate damages because he entertained conflicting views on the issue of liability. It is therefore apparent that the Wilke case gives no support to the reasoning or conclusion of the majority in the case at bar.

It appears from the record before us both from the evidence and the statements of the trial judge that the damages suffered by plaintiff were far greater than the amount awarded by the verdict of the jury, and therefore the damages awarded are inadequate as a matter of law. In view of such state of the record, a reversal is mandatory. Since the trial court denied plaintiff's motion for a new trial and there was a conflict in the evidence on the issue of liability, it is not for this court to say that the case should be retried on the issue of damages only, as it is only in those cases where, as a matter of law, it may be said that the defendant's liability has been established, we may reverse with directions to retry the issue of damages only. Hence, I concur in the reversal of the judgment which sets the case at large in the trial court. The situation would be different had the trial court granted a new trial on the issue of damages only. In such situation the provisions of section 657 of the Code of Civil Procedure and the rule announced in the cases which I have cited hereinabove with respect to the discretion of the trial court, would be applicable, and an order granting such limited new trial should be affirmed if there is any substantial evidence to support the conclusion that the defendant was liable and the damages awarded were inadequate.