[Civ. No. 4298.  Fourth Dist.  Sept. 15, 1952.]

LUCY A. PATTERSON, Respondent, v. STILLMAN
ROWE, Jr., et al., Appellants.

Lindley, Lazar & Scales and George A. Lazar, Jr., for Appellants.

Clarence Harden for Respondent.

MUSSELL, J.—Plaintiff commenced this action for personal injuries and property damage arising out of an automobile collision. A jury returned a verdict in her favor in the sum of $6,000 and judgment was entered in accordance therewith. Plaintiff then moved for a new trial on the ground that the damages awarded were inadequate and the court

ordered a new trial on the sole issue of damages unless defendants should, within 10 days, file an offer to pay plaintiff the sum of $10,000. Defendants refused to comply with this order and the court then ordered a new trial on the issue of damages only, on the ground of the insufficiency of the evidence to sustain the verdict in that the damages awarded to plaintiff were grossly inadequate. Defendants appeal from both orders. No appeal is taken from the judgment and no motion for a new trial was filed by the defendants.

## FACTS

At about 12:30 p. m. on February 23, 1951, defendant Rowe was driving north on Highway 101 in Rose Canyon in the city of San Diego when his car skidded, crossed the center island of the highway and struck plaintiff's car which was then being driven by her in a southerly direction in one of the southbound traffic lanes of the highway. In the area where the collision occurred the highway is approximately 55 feet wide, with four traffic lanes, two north and two south, separated by a center island about 4 feet wide, enclosed in concrete curbings about 6 inches high, with an asphalt filled center area. There is an upgrade, gradual or sweeping curve for northbound traffic and the speed limit is 55 miles per hour.

Rowe testified that it was raining; that he was traveling north in the left-hand traffic lane at a speed of approximately 50 miles per hour and approaching a curve in the highway when his car started to slide and the rear end swerved to the right; that "the car turned completely around, backwards, and hit the center island sideways, and there was a terrific jolt at that point, the impact with the curb, and from thereon I have no memory"; that the brakes and tires on his car were in excellent condition.

Plaintiff testified that she was driving the "outbound lane south," when she first saw Rowe's car, then about 600 feet distant; that it was raining and the pavement was wet; that his car was coming "quite fast"; that it started skidding backwards and struck plaintiff's car; that she was driving quite slowly, due to the rain and wet pavement, when Rowe's car started skidding and that at the time of the collision, she had brought her car to a complete stop.

## INJURIES

Plaintiff was rendered unconscious by the accident and was hospitalized from February 23d to March 8th. She sus-

tained a severe sprain in her left ankle, lacerations on the left side of her head, left ear and right side. A small chip was broken off her heel bone and at the time of the trial was still in the joint, causing pain with every step. She suffered severe pains in her hip and back and was confined in bed seven weeks after the accident. At the time of trial she was still suffering from pain in her foot, ankle and hip. There is a conflict in the evidence as to the duration of the effects of plaintiff's injuries. However, one physician, called by plaintiff, testified that in his opinion she would be able to go back to work, as a bus operator, in from four to six months.

## SPECIAL DAMAGES

It was stipulated that the damages to plaintiff's automobile amounted to $1,044.71 and the total medical, hospital and similar expenses were $910.19. In addition, plaintiff alleged loss of earnings in the sum of $3,150, based upon an estimated twelve and one-half months' disability and loss of earnings at the rate of $250 per month. The total special damages claimed amounted to $5,104.90.

The principal question here presented is whether the trial court abused its discretion in granting a new trial on the sole issue of damages.

█ The granting of a motion for a new trial rests within the discretion of the trial court and its determination will not be disturbed by an appellate court unless a manifest and unmistakable abuse of discretion clearly appears. (*Mazzota* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]; *Brignoli* v. *Seaboard Transp. Co.*, 29 Cal.2d 782, 792 [178 P.2d. 445]; *Kauffman* v. *De Mutiis*, 31 Cal.2d 429, 433, 434 [189 P.2d 271].) █ It is also well settled that a new trial may be granted or a judgment may be set aside on the ground of inadequacy of the compensation awarded. (*Collier* v. *Landram*, 67 Cal.App.2d 752, 759 [155 P.2d 652].) ██ It is the duty of the trial court in considering such a motion to weigh the evidence, to exercise its independent judgment and to grant a new trial if it clearly appears from the evidence believed by it that the damages were inadequate, and if the motion is granted, the only question presented on appeal from the order granting such motion is the question of whether the trial court abused its discretion in determining that the damages awarded were inadequate. (*Belyew* v. *United Parcel Service*, 49 Cal.App.2d 516, 519 [122 P.2d 73]; *McNear* v. *Pacific Greyhound Lines*, 63 Cal.App.2d 11,

17 [146 P.2d 34].)  ▮  Where, as here, there was a conflict in the evidence as to the extent and permanency of plaintiff's disability and the evidence would justify the award of increased general damages, we cannot say as a matter of law that the trial court abused its discretion in granting a new trial on the insufficiency of the evidence. Since there is substantial evidence to support the conclusion of the trial court as to the inadequacy of damages awarded, its conclusion should not be disturbed by an appellate court. (*Clifford* v. *Ruocco*, 39 Cal.2d 327, 332 [246 P.2d 651].)

The next question presented is whether the trial court erred in limiting a new trial to the issue of damages. ▮ In *Leipert* v. *Honold*, 39 Cal.2d 462, 466 [247 P.2d 324], it is said that the power of a trial or appellate court to order a new trial on fewer than all the issues is generally recognized; that the purpose of limited retrial is to expedite the administration of justice by avoiding costly repetition; that such retrials should be granted only if it is clear that no injustice will result; that a request for such a trial should be considered with the utmost caution; that the decision on limiting the new trial appropriately rests in the discretion of the trial judge; that it is presumed that in passing upon the motion he has weighed the evidence and the possibility of prejudice to the defendant and that his decision on appeal will not be reversed on appeal unless an abuse of discretion is shown.

In *Clifford* v. *Ruocco, supra,* p. 330, it is said that where the evidence as to the liability is in sharp and substantial conflict and the damages awarded are so grossly inadequate as to indicate a compromise on the issues of liability and damages, the case should be remanded for a retrial on both issues. ▮ However, in the instant case the evidence as to the liability of the defendants is quite clear. Defendant Rowe was driving approximately 50 miles per hour upon a wet highway, in the rain, and entering a curve, when he caused or permitted his automobile to climb the curb, cross the raised island dividing the highway lanes and caused his car to turn around so that it headed in a southerly direction and collided with plaintiff's southbound car, which had been brought to a complete stop. Defendant Rowe stated at the scene that he had lost control of his car and that it started spinning. There is no evidence in the record tending to show contributory negligence on the part of the plaintiff. Under the circumstances, defendants' liability was well established and no abuse of discretion is shown.

It is argued that the trial court was without authority to make an order granting a new trial conditioned upon appellant's acquiescence in the trial court's increase in damages. This argument is without merit as the court granted the motion for a new trial and both parties were given the right to a jury trial on the issue of damages. (*Dorsey* v. *Barba*, 38 Cal.2d 350, 358 [240 P.2d 604].)

The orders granting a new trial are affirmed.

Griffin, Acting P.J., concurred.