[Civ. No. 18500. First Dist., Div. One. Jan. 22, 1960.]

VERNON H. GARARDEN et al., Respondents, v. OLIVER D. OLINGER et al., Appellants.

310

Robert J. Dell'Ergo for Appellants.

Noal R. Gray for Respondents.

DEVINE, J. pro tem.*—Plaintiffs' action against defendants is based upon allegations of negligence and nuisance, in diverting waters from their natural channel, onto plaintiffs' lands, and is for injunction and damages. The court found that damage was caused to plaintiffs' property by waters diverted by the construction of a private road, named Margaret Road, which is on defendants' property, and that waters also flooded plaintiffs' land from Paul Avenue, a public street. The court found the existence of a nuisance, and also negligence on the part of defendants, and awarded judgment in favor of plaintiffs and against defendants in the sum of $6,500, and enjoined the maintaining of obstructions by defendants to the natural flow of water.

On motion for new trial made by defendants, the court granted a limited new trial. The court granted the motion on the issue of damage alone, on the ground of insufficiency of the evidence, and denied it as to all other issues.

Defendants appealed from the judgment and from the order granting a limited new trial, but, later, they abandoned the appeal from the judgment, stating in their brief that it is their understanding of the law that they cannot prosecute both appeals together. Appellants urge that this court set aside the order granting a limited new trial and direct that a new trial be ordered on all of the issues of the case.

[■■] They argue that the issue of damages is not severable from the other issues, and their argument runs like this: the court found that waters which damaged plaintiffs' property

---

*Assigned by Chairman of Judicial Council.

flowed from Margaret Road, which is on defendants' land, and from Paul Avenue, which is a public street. Appellants cannot be held responsible for any damage caused by waters flowing from the public street. Therefore, the issues of liability and damages must both be tried anew.

We do not agree with that conclusion. Of course, the court will assess damages, as accurately as it can, only to the extent that they have been caused by tortious acts of the defendants, and in granting the retrial as to damages, the court did not curtail its power to determine, either upon additional evidence or upon fresh consideration of the evidence already produced, the causal connection between defendants' acts and damages. The order did not have the effect of limiting the court's consideration to finding the total amount of damages suffered by plaintiffs. The court cannot be held to have denied itself jurisdiction to award damages at the retrial in such manner that defendants will be charged with no more than the amount which will reasonably compensate for the detriment proximately caused by them, as fairly as that can be done.

An order granting a limited new trial rests in the discretion of the trial judge, and it is presumed on weighing the motion that he has weighed the evidence and possible prejudice to the defendant. The decision will not be reversed on appeal unless an abuse of discretion is shown. (*Leipert* v. *Honold,* 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185], and cases cited therein.)

The cases cited in appellants' brief of *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910], *Cary* v. *Wentzel,* 39 Cal.2d 491 [247 P.2d 341], *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335], and *Clifford* v. *Ruocco,* 39 Cal.2d 327 [246 P.2d 651], are cases in which the decision was by jury, not by a judge, and in which palpably inadequate damages were awarded, giving rise to the conclusion that a compromise probably had been made on the issue of liability. Those cases are not applicable here.

The merits of the case at large have not been the subject of our consideration on this appeal.

The order granting the new trial on the issue of damages alone is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.