[Civ. No. 6447. Fourth Dist. July 25, 1961.]

VIRGINIA SPENCER et al., Respondents, v. DEAN
EDWARD YOUNG, Appellant.

Oakes & Horton for Appellant.

Hervey & Burnett, James Edgar Hervey and Thomas R. Mitchell for Respondents.

COUGHLIN, J.—The plaintiffs, who are the respondents herein, were injured as the result of an accident which occurred when the automobile in which they were riding was struck in the rear by an automobile driven by the defendant, who is the appellant herein; on account thereof, brought this action for damages against the defendant, which was tried by a jury that rendered verdicts in their favor, awarding the plaintiff Spencer the sum of $700 and the plaintiff Heaton the sum of $670, upon which judgment was entered; and moved for a new trial upon the ground that the evidence was insufficient to justify the verdicts, contending that the award of damages was inadequate. By a written order, the trial court granted the motion for a new trial "upon the grounds of the

insufficiency of the evidence to sustain the verdicts," from which the defendant has appealed; and the issue thus presented is whether the order so made constitutes an abuse of discretion.

It is "the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears." (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358 [170 P.2d 465]; *Yarrow* v. *State*, 53 Cal.2d 427, 434 [348 P.2d 687].)

Where the ground for such a motion is the insufficiency of the evidence to justify the verdict "it is the exclusive province of the trial court to judge the credibility of the witnesses, to determine the probative force of testimony and to weigh the evidence, and it may draw reasonable inferences therefrom opposed to those drawn by the" jury (*Yarrow* v. *State, supra*, 53 Cal.2d 427, 434); and an appellate court will not reverse an order granting a motion for a new trial on this ground unless "it can be said as a matter of law that there is no substantial evidence to support a contrary judgment." (*Yarrow* v. *State, supra*, 53 Cal.2d 427, 434; *McFarland* v. *Voorheis-Trindle Co.*, 52 Cal.2d 698, 707 [343 P.2d 923]; *Ballard* v. *Pacific Greyhound Lines, supra*, 28 Cal.2d 357, 359; *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].)

Where a plaintiff claims that the damages awarded him by the verdict of a jury are inadequate, he may raise this issue on a motion for a new trial by asserting that the evidence is insufficient to justify the verdict, and the foregoing general rules will govern the determination of that motion and a review of the order granting the same. The authorities supporting this conclusion are legion. (*Crowe* v. *Sacks*, 44 Cal.2d 590, 599 [283 P.2d 689]; *Miller* v. *Atchison, T. & S. F. Ry. Co.*, 166 Cal.App.2d 160, 165 [332 P.2d 746]; *Amavisca* v. *City of Merced*, 149 Cal.App.2d 481, 484 [308 P.2d 380]; *Harper* v. *Superior Air Parts, Inc.*, 124 Cal.App.2d 91, 94 [268 P.2d 115]; *Patterson* v. *Rowe*, 113 Cal.App.2d 119, 122 [247 P.2d 949]; *Collier* v. *Landram*, 67 Cal.App.2d 752, 759 [155 P.2d 652]; *McNear* v. *Pacific Greyhound Lines*, 63 Cal. App.2d 11, 17 [146 P.2d 34]; *Hoffart* v. *Honig*, 41 Cal.App. 2d 271, 274 [106 P.2d 630].)

There is substantial evidence in this case which shows that the plaintiff Heaton sustained a "whiplash" injury as the result of the subject accident which caused her terrific

pain in the neck, low back, and down her arms due to muscle spasm incident to the tearing or stretching of the trapezius muscle; that such an injury is accompanied by bleeding and hemorrhaging in the afflicted area which leaves scar tissue and a resultant radiating pain which may persist almost indefinitely; that she began to suffer from headaches soon after the accident, which continued daily for almost two months and periodically thereafter; that at the time of the trial she had these headaches about once a week and they lasted for about two days at a time; that immediately following the accident she was attended by a physician who prescribed painkilling pills which permitted her to continue her duties as a housewife, although she required the assistance of her husband and her mother-in-law; that her physician also prescribed diathermy treatments daily for a week and at regular intervals thereafter for a period of three months, totalling 40 such treatments; that her doctor bill was $436 and her drug bill was $33.97. When the total of these expenses is deducted from the jury's award of $670, it appears that the amount allowed as general damages was $200.03.

As to the plaintiff Spencer, there is substantial evidence which shows that she struck her head against the dashboard at the time of the collision; was taken to the hospital for observation and X-rays; at this time she had a severe headache as well as pain and a burning sensation at the back of her neck; the next morning the pain had increased and the movement of her head was noticeably restricted; at the hospital she was examined by a doctor who diagnosed her injury as a severe sprain and prescribed a Thomas collar, which she wore during the day time for two months; during this period she visited the doctor's office periodically where she was placed in traction and received microthermy treatments, receiving a total of 42 such treatments; that the burning sensation in the back of her head and shoulders continued through 1958, i.e., over a year; at the time of the trial she was having headaches once or twice a month which lasted from 12 to 24 hours, and had pains in the back of her head two or three times a month; and her total medical expenses amounted to $295.94, consisting of a doctor's bill of $228, a hospital bill of $22.50, and a drug bill of $45.44. When the medical expenses are deducted from the jury's award of $700 it appears that the amount allowed as general damages was $404.06.

The foregoing evidence was adduced through the testimony

of the plaintiffs and their respective doctors. No other evidence on this issue was presented. We conclude that there is substantial evidence to support a higher award than that given by the jury.

The appellant contends that a new trial may be ordered for inadequacy of damages only where the damages awarded are grossly inadequate, citing *Clifford* v. *Ruocco,* 39 Cal.2d 327 [246 P.2d 651] and *Phillips* v. *Lyon,* 109 Cal.App. 264, 268 [292 P. 711] in support of this position; that the amounts awarded in the instant case were not grossly inadequate; and that the trial court erred in granting a new trial. The cited cases are not controlling; concerned judgments for amounts which on appeal were held to be inadequate as a matter of law; and did not rule upon orders granting a new trial. During the hearing upon the instant motion the trial judge stated his belief that the awards in question were grossly inadequate. However, we are not required to pass upon his belief in the premises; the written order set forth the ground therefor as insufficiency of the evidence; under the conditions here presented the remarks of the trial judge made at the time of the hearing did not qualify that order (*Yarrow* v. *State, supra,* 53 Cal.2d 427, 437-439) ; and, applying the general rules heretofore considered to the evidence as outlined, we conclude that the order is fully sustained by the record and that no abuse of discretion appears.

The order is affirmed.

Shepard, Acting P. J., concurred.