[Civ. No. 51951. Second Dist., Div. Four. Dec. 22, 1977.]

AERO SPACELINES, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GENERAL MOTORS CORPORATION, Real Party in Interest.

**COUNSEL**

Magana & Cathcart, Kern & Wooley and John R. Johnson for Petitioners.

No appearance for Respondent.

Grace, Neumeyer & Otto, Richard A. Neumeyer and Arthur Paul Berg for Real Party in Interest.

**OPINION**

**FILES, P. J.**—This mandate proceeding was brought to review an order of the superior court requiring the joinder of an additional party plaintiff at the commencement of a new trial on the issue of damages only.

The underlying superior court action was brought by petitioners (hereinafter plaintiffs) against General Motors Corporation (hereinafter defendant) for damages for negligent injury to an airplane. The case was tried before a jury and a verdict for plaintiffs returned. The trial court granted defendant's motion for new trial upon the ground of excessive damages, but limited the new trial to the damage issue. Both sides appealed, and the Court of Appeal affirmed the order of the trial court (*Aero Spacelines, Inc., et al.,* v. *General Motors Corporation* (Nov. 18, 1976) 2 Civ. 46955, not certified for publication).

Following remand, and prior to commencement of the retrial, defendant made a motion in the superior court to require plaintiffs to join Certain Underwriters at Lloyds London (hereinafter Lloyds) as a party plaintiff. Defendant based the motion upon its claim that Lloyds was plaintiffs' insurer, that Lloyds had paid a part of the loss sustained by plaintiffs and was to that extent a real party in interest. Defendant further contended that it was an insured under the Lloyds policies, and as such could not be required to pay for the loss insured against.

On June 6, 1977, the superior court made an order abating the action until Lloyds is made a party plaintiff or it is shown Lloyds cannot be joined. In explanation of its order the superior court cited *Bank of the Orient* v. *Superior Court* (1977) 67 Cal.App.3d 588 [136 Cal.Rptr. 741]. The superior court stated: "Further, it does not appear the Court of Appeal in its opinion filed November 18, 1976 in this case addressed the issue of indispensable parties and jurisdiction so there is no law of the case on this issue. Thus, the Court feels it is bound by *Bank of Orient.*"

The *Bank of Orient* case involved the joinder of an additional party before trial. We need not and do not consider whether the reasoning of that case would have required the joinder of Lloyds as a party prior to the first trial and the ensuing verdict.

In the case before us, there has been a trial and verdict which decided that defendant was liable to plaintiffs upon the claim there litigated. The new trial must be confined to a determination of the amount of the

damages recoverable by the present plaintiffs against the present defendant. (See *Estate of Everts* (1912) 163 Cal. 449, 452 [125 P. 1058]; *Tumelty* v. *Peerless Stages* (1929) 96 Cal.App. 530, 535 [274 P. 430]; *J. Levin Co.* v. *Sherwood & Sherwood* (1921) 55 Cal.App. 308 [203 P. 404].)

The superior court was correct in its observation that no question of parties was raised on the appeal following the first trial. But this does not change the present posture of the case.

The contention that Lloyds is an "indispensable party" is no more than a denial of the validity of what has already been decided. ■ An indispensable party is one without whom the court cannot proceed. (See *Bank of California* v. *Superior Court* (1940) 16 Cal.2d 516, 521 [106 P.2d 879].) ■ But the superior court has proceeded and has arrived at an adjudication of liability which has been tested on appeal and affirmed. Lloyds is not indispensable to a determination of the amount of money which the present plaintiffs should recover from the defendant upon the claim established at the first trial.

Finally, we point out that in the proceeding which is here, the only issue decided is that the superior court may not encumber the limited new trial by its order requiring the joinder of Lloyds, and it may not abate the action for the nonjoinder. We do not decide, nor do we intend to express any opinion here, with respect to any other issue which may exist now or hereafter between the parties.

Let a peremptory writ of mandate issue requiring the respondent court to vacate its order of June 6, 1977, and make a new order denying General Motors Corporation's motion to abate or dismiss the action entitled Aero Spacelines, Inc., et al. vs. General Motors Corporation, No. C 12673.

Kingsley, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied January 9, 1978, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 16, 1978.